## The State v. Wyatt *et al.*, *Appellants*.

### Division Two, November 5, 1894.

1. **Criminal Practice**: BILL OF EXCEPTIONS: EXTENSION OF TIME FOR FILING. Where the court by its order of record has extended the time for filing the bill of exceptions, counsel by written stipulation may further extend such time. (*State v. Ryan*, 120 Mo. 88, *distinguished.*)

2. ——: ROBBERY: EVIDENCE. Evidence that the stolen property was found in a bawdy house in which defendants were arrested on the night of the robbery *held* admissible.

*Appeal from Buchanan Criminal Court.*—HON. SILAS WOODSON, Judge.

AFFIRMED.

*M. G. & J. Moran* for appellants.

(1) The evidence of what the officers did, and the property they found in the clothing of the Miller woman and at her house in the absence of defendants, and when they were in jail was inadmissible and misleading. *State v. Wolff*, 15 Mo. 168; *State v. Castor*, 93 Mo. 242; *State v. Owsley*, 111 Mo. 450; 3 Greenleaf on Evidence, sec. 33; Wharton's Criminal Evidence, sec. 758. (2) The possession must be personal; must be exclusive; must be recent; must be unexplained; and must involve a distinct and conscious assertion of property by the defendants. Authorities *supra*. The evidence admitted in this case is wholly wanting in any one of the above requirements, and no doubt did the defendants an incalculable amount of injury. (3) The evidence on behalf of the defendants showed that they were not present at the place where the alleged robbery was committed, and the court should have instructed the

jury on this phase of the evidence. R. S. 1889, sec. 4220, and authorities thereunder cited. (4) The state did not prove that the property was found in the possession of the defendants. The proof was, that the house where the goods were found was the dwelling house of the Miller woman, and that the defendants were there as guests of the woman. This evidence surely had a powerful effect upon the minds of the jury, and no doubt, forced them to an improper conclusion, and should not have been admitted. *State v. Wolff, supra; State v. Floyd*, 15 Mo. 349; *State v. Rothschild*, 68 Mo. 52.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

The bill of exceptions in this case was not filed within the time allowed by the court. With the first day of September, the record in this case closed, and the mere fact that the parties agreed that the time should be extended, will avail defendants nothing, in the absence of an order of the court, entered of record, nor will the memorandum made by the clerk in vacation be sufficient to extend the time. This cause presents the identical proposition wisely ruled against the defendants in *State v. Ryan*, 120 Mo. 88. There is, therefore, no bill of exceptions legally preserved or presented, and this cause must be determined upon the record proper, from which no error appears. *State v. Clark*, 119 Mo. 426. The indictment is in the usual form, following the language of the statute creating the offense and clearly charges the crime of which the defendants have been convicted. R. S. 1889, sec. 3531, The judgment should, therefore, be affirmed.

GANTT, P. J.—At the March term, 1893, of the Buchanan criminal court, the defendants were jointly

charged in an indictment containing two counts: *First*, with having with force and arms robbed one James McGovern of the sum of $12; *second*, with having robbed James McGovern by putting him in fear of immediate injury to his person, which indictment was duly returned, signed, attested and filed, and upon which were indorsed the names of the witnesses for the state. After arraignment the defendants asked for and were granted a severance, which was afterwards, by agreement, set aside, and the defendants jointly tried, convicted, and their punishment assessed at six years' imprisonment each in the penitentiary. After unsuccessful motions for new trial and in arrest, defendants were sentenced and judgment rendered.

Defendants on June 8, 1893, filed their affidavit for appeal, whereupon, by agreement of parties, the court entered of record an order that the defendants be granted leave to file bill of exceptions on or before the first day of December, 1893. The following written agreement appears in the transcript, bearing date of August 31, 1893:

"And afterwards, to wit, the thirty-first day of August, 1893, the defendants being unable to file their bill of exceptions, the time for filing said bill of exceptions was extended to the first day of October, 1893, by the following written agreement, which said agreement was, on the thirty-first day of August, 1893, filed in the case.

"In the criminal court of Buchanan county, Missouri.

"The State of Missouri, Plaintiff,
*v.*
Arnold Wyatt and Charles Hughes, Defendants."

"It is hereby mutually agreed by and between Romulus E. Culver, prosecuting attorney of Buchanan

county, Missouri, and M. G. Moran, attorneys for the above named defendants, that the time for filing the bill of exceptions in said cause heretofore agreed upon, shall be extended until the first day of October, 1893.

"ROMULUS E. CULVER,

"By W. B. NORRIS, Ass't.

"M. G. & J. MORAN,

"Attorneys for defendants."

McGovern, the prosecuting witness, swore that on the night of April 8, 1893, he was robbed by two men; that they took his pocket book, $12 in money and other coins, a watch charm and some other things from his person against his will. About 12 or 1 o'clock of the same night the defendants were arrested at the house of one Irene Miller, who is a woman of ill repute. At the time of the arrest the defendants were carefully searched by the police officers who arrested them, and none of McGovern's property, or, for that matter, any other property, was found on their person. After searching defendants and failing to find any property upon them the officers caused them and the woman in whose company they were to be conveyed to the police station and locked up. The next day the police officers and the prosecuting attorney went to the house of Irene Miller and made a search of the premises, and found property in the dress pocket of the Miller woman and in the stove and about the premises that McGovern said belonged to him. This search of the officers, on the day after the arrest, was made in the absence of the defendants, and they knew nothing of it until they heard of it upon the trial.

Charles Scott and Edward Keiffer, witnesses on the part of the state, testified that they were policemen and had known the defendants about two years. That they found the defendants about 1 o'clock in the morning at the house of Tina Miller and Lou Bulling. That

they arrested the defendants and the two women, and that they searched the defendants but could not find any property upon them of any kind. That after they brought the defendants and the women to the police station and locked them up they went back to the house and made a search of the premises and found a pocketbook with some copper coins and a horseshoe badge in it in the pocket of a dress that was hanging upon the wall. That on the following day they, in company with the prosecuting attorney, again went to the house where the arrests were made and found some papers and another pocketbook in the cook-stove, and behind the stove they found some coins and another watch charm. All of this property was fully identified by McGovern as that which was in his possession and on his person, when he was assaulted and robbed by defendants.

I. The objection urged by the attorney general to the bill of exceptions is not well taken. The court, by its order of record, extended the time for filing the bill until September 1, 1893. Whilst this order was still in force, and before the time had expired, the counsel entered into the written stipulation extending the time and that stipulation was duly filed with the clerk and is certified as a part of the record as is required by section 2168, Revised Statutes, 1889.

This record differs from that of *State v. Ryan*, 120 Mo. 88, in this: In that case, no previous order was made by the court; here, it was ordered by the court.

II. There was no error in admitting the evidence that the stolen property was found in the bawdy house in which the defendants were both arrested on the night of the robbery. The court did not instruct on the recent possession of the property, but clearly the evidence was admissible in view of the evidence of the prosecuting witness identifying the defendants as the robbers.

III. The instructions declare the law correctly and saved to the defendants all their rights, and it is immaterial that those asked by the defendants also contained correct declarations of the law. The judgment is affirmed, all of this division concur.