[No. 9907. Department One. March 27, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN KING, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR. Error in excluding evidence is cured where the fact was established by other evidence.

WITNESSES—CROSS-EXAMINATION—CRIMINAL LAW. Where the accused offered himself as a witness and testified that he had been looking for work and could not find it, it is not error to allow cross-examination showing that he had not had a steady job for some time before the commission of the crime.

ROBBERY—IDENTITY OF ACCUSED—POSSESSION OF STOLEN PROPERTY —EVIDENCE—SUFFICIENCY. A conviction of robbery is sustained where part of the property taken was found in defendant's possession, and he was taken shortly after the robbery in the vicinity where the crime was committed, although there was no direct evidence of identity.

[1]Reported in 122 Pac. 323.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered April 5, 1911, upon a trial and conviction of robbery. Affirmed.

*E. C. Dailey*, for appellant.
*Ralph C. Bell*, for respondent.

CHADWICK, J.—Appellant was convicted of the crime of robbery, and brings his case here, assigning that the court erred in sustaining an objection to a certain question asked of one of the state's witnesses when under cross-examination. The answer might well have been allowed but, inasmuch as the fact sought to be elucidated was brought out by the testimony of the appellant and other witnesses, the ruling, admitting for the sake of argument that it was error, was without prejudice.

It is also complained that the court permitted the prosecuting attorney to question defendant as to his antecedents and whereabouts for some time prior to the trial. This is said to be prejudicial, because it disclosed the fact to the jury that appellant did not and had not had a steady job for some time. When appellant offered himself as a witness, he subjected himself to all rules governing the examination of other witnesses. Under any view of the law, we cannot assume that the jury was prejudiced by the examination. Appellant swore that he had been looking for work but had not found it. We would prefer to assume that his condition invited the sympathy rather than the ill-will of the jury.

Finally, it is contended that the evidence does not sustain the verdict. Certain property taken from the prosecuting witness was found in appellant's possession. A short time after the robbery, appellant with five others was arrested. While the prisoners were being taken to jail, one escaped. Appellant argues that:

"Under the circumstances of the arrest of six men, one escaping on the way to the station, leaving five taken and all

of these taken together, it would be an easy matter for one to slip a tobacco sack into the pocket of defendant. It is possible defendant was one who committed the crime, that is he could have been one, but it takes conjecture and suspicion to convict him. Possession of some of the property taken is not proof of the robbery or that defendant had a hand in the commission of the crime itself, or knowledge of it. . . . The gist of the crime is the unlawful assault and force and violence used upon the person of the complaining witness and mere proof of the possession of some of the property is not sufficient to prove guilt beyond all reasonable doubt."

Articles of property, taken by means of robbery and found recently thereafter in the possession of the defendant, are admissible in evidence. Ency. Evidence, § 472. And such possession is a circumstance to be considered by the jury. 34 Cyc. 1808. The testimony in this case is not entirely satisfactory, in that the identity of the appellant is not established by direct evidence. But, taken as a whole, the recent possession of stolen property, the fact that appellant was taken shortly after the robbery and in the vicinity where the crime was committed, was sufficient to take the case to the jury. The case of *State v. Wyatt*, 124 Mo. 537, 27 S. W. 1096, is in point. A conviction was there sustained, where, as we read the case, there was no direct evidence of identity.

Judgment affirmed.

DUNBAR, C. J., CROW, and GOSE, JJ., concur.