[No. 13030.   Department One.   December 8, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. SAM DRUXMAN, *Appellant*.[1]

ROBBERY—EVIDENCE — IDENTITY — SUFFICIENCY.  In a prosecution for robbery in which it appeared that the prosecuting witness was set upon by four men and robbed of $9.35, consisting of a five-dollar gold piece and silver, and that the robbers fled, the accused is sufficiently connected with the crime by evidence that he was shortly afterwards arrested some distance from the scene, in company with one who was positively identified as one of the assailants, and that he had $9.35 in his overcoat pocket, separate from his other money, consisting of a five-dollar gold piece and silver.

ROBBERY—TRIAL—INSTRUCTIONS—TIME OF OFFENSE—MATERIALITY —ALIBI.  In a prosecution for robbery, in which there was no issue as to the date or hour of the offense, the arrest having followed shortly after the robbery, an instruction authorizing a conviction if the jury find the commission of the offense "on or about" the date mentioned in the information, is not erroneous, as taking from the jury the accused's defense of an alibi, he having testified that on the evening in question he spent the time in various saloons in company with one who was positively identified as one of the robbers, and the question of his presence near the scene was one merely of credibility.

CRIMINAL LAW—APPEAL—PRESERVATION OF GROUNDS.  Error cannot be predicated upon the misconduct of the prosecuting attorney in making objectionable remarks, where the same was not preserved in the record and certified by the trial judge as actually having been made.

Appeal from a judgment of the superior court for King county, Humphries, J., entered March 31, 1915, upon a trial and conviction of robbery.   Affirmed.

*William R. Bell*, for appellant.

*Alfred H. Lundin, Erven H. Palmer*, and *Joseph A. Barto*, for respondent.

ELLIS, J.——The defendant, Druxman, and one O'Conner were charged in the same information with the crime of rob-

[1]Reported in 153 Pac. 381.

bery, by wilfully, unlawfully, feloniously and with force and violence taking from the person of one K. Shimeamoto the sum of $9.35 in lawful money of the United States, on February 4, 1915, in King county, state of Washington. The sufficiency of the information is not questioned. The defendants were tried together. At the close of the state's evidence, the defendants moved for a directed verdict of acquittal. This was denied. Both defendants were convicted. A motion for a new trial on all the statutory grounds was interposed and overruled. From the judgment of conviction and sentence, the defendant Druxman appeals.

The errors assigned are directed to three claims: (1) that there was no evidence connecting the appellant with the crime, and that, therefore, the motion for a directed verdict should have been granted; (2) that the defense was an alibi, and that the court, by its instructions, took that defense from the jury; (3) that the deputy prosecuting attorney was guilty of such misconduct as to necessitate a new trial.

I. It will hardly be questioned that, if there was any competent evidence tending to connect the appellant with the crime, the question of his connection was one for the jury. The prosecuting witness, a collector for a Japanese restaurant, testified, in substance, that, a little after eleven o'clock on the night of February 4, 1915, as he was leaving the Rex Hotel on King street, between Fifth and Sixth avenues, in Seattle, by means of a stairway, he was set upon by four men, two of whom held him while the other two rifled his pockets, taking all the money he had save thirty cents; that he knew at the time that he had between nine and ten dollars, "one five dollar gold piece and other money, all of silver, one dollar piece and several others;" that he so advised the officers shortly after the appellant's arrest, and that on the day of the trial, from a memorandum book in which he had kept an account of all collections made on the day of the robbery, he ascertained the exact amount taken as $9.35. On the night of the arrest, and again at the trial, he positively

identified O'Conner as one of his assailants, but said of the
appellant, "I cannot recognize him very much." The undis-
puted evidence shows that, after the robbery, the four men
scattered; that the prosecuting witness raised the hue and
cry and, with several policemen, chased two of the men for
several blocks, finally losing sight of them.

On the same evening, two policemen saw the appellant and
his codefendant at the corner of Main street and Third ave-
nue, some distance from the scene of the crime and some
distance from the place where the two fleeing robbers were
last seen. The furtive actions of the two men aroused the
suspicions of the officers, who accordingly followed them
east on Main street to an alley, north through the alley and
again east on Washington street to Fourth avenue, where
they were arrested. One of the policemen referring inci-
dentally to the time of the discovery of the two men, said, "I
should judge about the hour of eleven o'clock," obviously
not pretending to be exact. The appellant himself testified
that he was arrested at between a quarter after eleven and a
quarter of twelve o'clock. Both officers testified that, just
before his arrest, the appellant took something from his over-
coat pocket, looked at it and returned it to the pocket. One
of the officers accosting him told him to take his hand from
his pocket, and on searching the pocket found in it $9.35—a
five dollar gold piece, a silver dollar, and the balance in silver
of smaller denominations. The appellant had a dollar bill
and some small silver coin in his trousers pocket which he
was allowed to retain.

It is idle to say that this evidence did not tend to connect
the appellant with the crime. In considering the motion for
a directed verdict, the active personal participation of O'Con-
ner in the robbery must be assumed as a fact. He was posi-
tively identified as one of the men. On this issue, therefore,
the jury would be justified in inferring, and hence we must
assume that the arrest took place shortly after the robbery,
else O'Conner could not have been there. True, this evidence,

taken in conjunction with the statement of one of the officers that he "judged" that he first saw the two men at "about" eleven o'clock, was also capable of the inference that the victim of the robbery might have been mistaken in his identification of O'Conner, but neither inference was a necessary inference. The choice between contrary inferences from evidence, like the credibility of conflicting evidence, is always for the jury. The presence in the appellant's overcoat pocket of the exact amount and character of coin of which the victim of the robbery was despoiled, as if hastily placed there in the flight from the scene of the robbery, and his arrest in company with a man positively identified as one of the robbers, had an almost compelling tendency to connect the appellant with the crime as a participant. *State v. King*, 67 Wash. 651, 122 Pac. 323; *State v. Malsogoff, ante* p. 419, 153 Pac. 379. The motion for a directed verdict was properly overruled.

II.   The court instructed the jury that:

"In order to convict, the state must prove beyond a reasonable doubt: 1. That the defendants Sam Druximan and Ed. O'Conner, on or about the 4th day of February, 1915, took some portion or all of the property mentioned in the information, from the person or in the presence of the said K. Shimeamoto. 2. That said taking was against the will of said K. Shimeamoto and by means of force or violence, or by putting the said K. Shimeamoto in fear of injury to his person. 3. That said taking occurred in King county, Washington. If you find from the evidence that the state has proved each of the foregoing essentials beyond a reasonable doubt, then you will find the defendants guilty; if not, you should acquit them."

The appellant insists that the words "on or about the 4th day of February, 1915," contained in this instruction, took the defense of an alibi from the jury. In its essentials the evidence of the so-called alibi consists of the appellant's denial that he was present at the scene of the robbery on the night of February 4, 1915. Both he and O'Conner testified

that they were together in various saloons and on the street all the time from ten o'clock that night until their arrest. This evidence was not taken from the jury, nor was its force even impaired by the instruction given. Only the one crime, committed on the one date, February 4, 1915, was mentioned in evidence. No issue was made of the day nor even of the hour when the crime was committed. The evidence offered no room for confusion, hence no ground for an election between times or crimes. The question of appellant's presence at the scene of the crime was merely one of credibility. The decisions cited by the appellant in support of his criticism of this instruction, *State v. King*, 50 Wash. 312, 97 Pac. 247; *State v. Moss*, 73 Wash. 430, 131 Pac. 1132, and *State v. Morden*, 87 Wash. 465, 151 Pac. 832, are palpably inapposite. Moreover, there is nothing in the record to indicate that the point now urged was ever called to the attention of the trial court. No instruction touching the question of an alibi was requested.

III.    The language of the prosecutor which the appellant denounces as fatal misconduct is not preserved in the record, either in context or otherwise. Nothing appears save an objection to something said in the final argument—it does not appear what—and a request that the jury be instructed to disregard it. No exception was taken to the court's failure to so instruct. The alleged objectionable remarks were made in the presence of the court. They could have been, and should have been, preserved in the record in context and certified by the trial judge as actually having been made. As the record stands, the trial judge has merely certified that counsel for the appellant claimed that something objectionable had been said. We have repeatedly held that, where the context and occasion of the offending language are not preserved in the record, such an objection is unavailing. *State v. Jakubowski*, 77 Wash. 78, 137 Pac. 448; *Loy v. Northern Pac. R. Co.*, 77 Wash. 25, 137 Pac. 446; *State*

*v. Johnston*, 83 Wash. 1, 144 Pac. 944; *State v. Ross*, 85 Wash. 218, 147 Pac. 1149.

The foregoing fully disposes of everything now urged touching the motion for a new trial. We find nothing in the record warranting an interference with the verdict. The judgment is affirmed.

MORRIS, C. J., CHADWICK, FULLERTON, and MOUNT, JJ., concur.