[No. 16775.    Department One.    July 8, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v.
W. J. VANSKIKE, *Appellant.*[1]

CRIMINAL LAW (118)—EVIDENCE—REMOTENESS. In a prosecution for manslaughter in striking a pedestrian with an automobile, it is reversible error to admit evidence of a past transaction more than a year previous, where accused had run into a car, and that accused had then said that if he ever ran into anybody he would be hard to catch.

HOMICIDE (94)—TRIAL—INSTRUCTIONS. In a prosecution for manslaughter in negligently striking a person with an automobile at a dangerous street intersection where the law fixed a speed limit of twelve miles, and further prohibited driving in other than a careful manner or at a greater speed than is reasonable, an instruction to that effect is proper, regardless of whether there was evidence that accused was exceeding twelve miles an hour.

SAME (100)—INSTRUCTIONS—ELEMENTS OF OFFENSE. In a prosecution for manslaughter in negligently striking a person with an automobile, based upon Rem. Code, §§ 5562-23 and 2531, it is error to give an instruction under Id., § 5562-28, requiring drivers to stop and give their names in case of accident to any person on the public highway, where accused was not charged with violation of such statute.

SAME (100). In a prosecution for manslaughter in killing a person through negligent driving of an automobile, it is proper to give an instruction defining negligence with reference to its being the cause of the injury.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered February 11, 1921, upon a trial and conviction of manslaughter. Reversed.

*C. W. Greenough* and *Del Cary Smith*, for appellant.
*William C. Meyer*, for respondent.

MITCHELL, J.—The defendant was charged with the crime of manslaughter, was found guilty by a jury,

[1]Reported in 208 Pac. 84.

and from a judgment on the verdict, has prosecuted this appeal.

The conviction indicates the strength of the state's charge that, on December 10, 1920, in the city of Spokane, the appellant, in driving an automobile on the streets of the city at an unlawful rate of speed, and in such a reckless manner as to endanger the safety of others, ran upon, carried along, and threw to the ground Mrs. S. Kirkpatrick, a pedestrian lawfully on the street, and killed her. The scene of the collision was the intersection of Sprague avenue and Division street. It occurred a few minutes before five o'clock in the afternoon, when, according to all the testimony, it was dark, windy, raining, snowing and sleeting. Because of a viaduct, poorly lighted, over and along Sprague avenue, and heavy traffic, all the witnesses examined on the subject testified that the intersection in question was the most dangerous place for travel in the city, especially at that hour after dark. The appellant traveled east on the avenue, and on reaching Division street, passed by an automobile that had slowed down or stopped to avoid traffic approaching from the right, and on reaching the alignment of the east sidewalk of Division street extended into the avenue, ran into Mrs. Kirkpatrick, who in some way became fastened in and under the front of appellant's car. Without checking his car, he continued east. There were a number of persons at or near the scene, who, upon hearing the woman's screams, followed in pursuit of the car. Others who were passed or met, hearing the woman's continuous screams and observing her dangling body striking the ground, joined in the chase, and together with pedestrians, unavailingly yelled at the appellant to stop his car. The proof on behalf of the state showed that, from Division street, he increased the speed of his car, and that, upon reach-

ing Perry street, which traverses Sprague avenue one mile from Division street, in attempting to turn into it, he ran his car clear across it up on the parking strip, where the body of Mrs Kirkpatrick was dropped. Continuing thence, the appellant, by a circuitous route, traveled south, east, north, and thence west along Sprague avenue by the place at which the woman's body had been dropped, ran into a motor cycle in the hands of a messenger boy, thence on to the post office, and thence out Sprague avenue beyond the city limits to his home.

The appellant testified that he did not see Mrs. Kirkpatrick, did not know he struck her, and that the speed of his car was at all time reasonable. He admitted traveling along the intersection under the viaduct about the time the accident occurred, and also admitted running up on the parking strip at Perry street. He admitted hearing screams and shouts, but thought they came from supposed joyriders or drunken persons in a machine h₃ noticed following close behind him. His version of or reason for his circuitous ride after turning into Perry street was somewhat different from that given to the officers who arrested him, as they had testified.

On cross-examination the appellant testified that, at or about the time specified, at a given place and in the presence of one William Bowman, he had not said in substance that, if ever he ran into anybody, they would have a hard time getting him. In rebuttal, William Bowman was called for the prosecution and, over the objections of appellant, testified to a conversation with the appellant, at the time and place mentioned, more than a year prior to the accident, as follows: "He was talking about the case he had. He had run into a car here in Spokane and was sued for damages, anyway he had a case of some kind in court and I mentioned

it to him. We were talking about it and he told me the circumstances and he says 'Well, I don't care to run into anybody, but if I ever do I will be hard to catch, because I have got a Cole Eight car, it would take something better than a Ford to catch me.' That is as near as I can remember the conversation.'' And later, at the close of all the testimony, the appellant unsuccessfully moved to strike the testimony of Bowman on the ground that it was not relevant, not proper rebuttal, and that it was too remote in point of time.

Conceding the statements were made, it is manifest they were made in the consideration of a past transaction and were considerably remote in point of time. They contained no element of threat, nor did they relate to any time, place, person or property, or class of persons or property, and for aught that appears in the testimony the appellant was at all times wholly unacquainted, directly and indirectly, with the person injured, and the record is barren of proof tending to show any habit or previous instance of reckless driving on the part of the appellant. Upon due consideration, we are of the opinion that allowing the testimony of the witness Bowman to go to the jury was prejudicial error.

Exception was taken to instructions giving the rule of law applicable to the speed limit of twelve miles an hour at crossings in the thickly settled or business portions of the city, upon the claim that there was no evidence that the street crossing in question was so situated. But we think there was sufficient evidence, direct and reasonably inferential, to show the crossing in question was so situated. The contention that there was no testimony showing the speed of appellant's car to have been in excess of twelve miles an hour at the crossing would not make the instruction prejudicial, but to the advantage of the defense. However,

immediately and in the same paragraph, the court, applying the rule laid down in § 5562-23, and subd. 4, § 2531, Rem. Code, told the jury "no person driving or operating any motor vehicle shall drive or operate the same in any other than a careful and prudent manner nor at any greater speed than is reasonable and proper, having due regard to the traffic and the use of the way by others, or so as to endanger the life and limb of any person." This was the proper and controlling instruction on the subject and no doubt the jury so understood it.

Section 5562-28, Rem. Code, is as follows:

"In case of accident to a person or property on the public highways due to the operation thereon of a motor vehicle, the person operating such vehicle shall stop, and upon request of the person injured or of any person present, shall give to such person his name and address, and if not the owner of such vehicle, the name and address of such owner, and the name and address of other persons accompanying him."

Evidently with the statute in mind, the jury was instructed as follows:

"It is the law of the state of Washington that in case of accident to a person on the public highways due to the operation thereon of a motor vehicle, the person operating such vehicle shall stop, and upon request of the person injured or of any person present shall give to such person his name and address. If the jury find from the evidence in this case beyond a reasonable doubt that the defendant on the 10th day of December, 1920, in the county of Spokane, Washington, was the driver of an automobile which ran upon or collided with Mrs. S. Kirkpatrick, and the jury further find beyond a reasonable doubt that the defendant knew or in the exercise of ordinary care and prudence ought to have known that said automobile had then and there collided with some person, and that the defendant failed thereupon to stop, and that by reason of such failure to stop the said Mrs. Kirkpatrick received injuries

from which she died, then your verdict should be guilty.''

This instruction was duly excepted to, and the giving of it has been assigned as error. The appellant was not charged with a violation of the statute upon which the instruction was manifestly based. He was charged with the killing of a person as the result of his criminal negligence, consisting of fast and reckless driving. The statute just referred to is in no way in this case, and therefore the instruction was confusing, misleading, and erroneously given, to the prejudice of the rights of the appellant.

The assignment of error that the court should not have given any instruction defining negligence with reference to its being the cause of the injury is not well taken. The proper theory of the state's case was that the appellant had committed an act of criminal negligence, gross carelessness, resulting in the death of Mrs. Kirkpatrick.

The assignments of error cover, among other things, seventeen instructions that were given, and the refusal of the court to give thirteen requested by the appellant. They are of considerable length, and a careful examination of them in the light of the evidence in the case convinces us that the objections to those given, other than the ones already referred to, do not merit separate and distinct consideration. Other than the error already pointed out, they are, considered altogether, a clear and proper exposition of the law applicable to the facts presented to the jury. The thirteen requested instructions that were refused we find were either given in effect or were not proper to be given.

The motion for a directed verdict of not guilty was properly denied. The motion for a new trial, in addition to subjects already discussed, presents certain

matters by way of affidavits which we think it is unnecessary to discuss. The affidavits refer to things that manifestly will not occur at another trial.

Because of the errors pointed out herein, the judgment is reversed with directions to grant a new trial.

PARKER, C. J., TOLMAN, and BRIDGES, JJ., concur.