[No. 18265. Department Two. April 28, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. R. ITO, *Appellant*.[1]

HOMICIDE (45)—EVIDENCE—RELEVANCY—IDENTITY OF ACCUSED. On an issue as to the identity of accused in a prosecution for manslaughter in recklessly driving an automobile which did not stop, it is admissible to show that police officers made a search for the man in whose name the license was taken and that accused had purchased the car and taken out the license in the name of the former owner.

CRIMINAL LAW (276)—INSTRUCTIONS—TIME OF OFFENSE—ALIBI. In a prosecution for manslaughter in recklessly driving an automobile, in which the killing is alleged to have occurred at four o'clock in the afternoon and the defense was an alibi at that hour of the day, instructions referring merely to the day in question are not objectionable or confusing because not confined to the hour alleged.

SAME (9, 273)—ELEMENTS OF OFFENSE—INTENT—UNINTENDED CONSEQUENCES OF ACT—INSTRUCTIONS. In a prosecution for manslaughter in recklessly driving an automobile, instructions do not eliminate the question of proximate cause and are correct, where the jury is told that, if defendant drove in a careless manner at a greater speed than was reasonable so as to endanger another, or across a public intersection at an unlawful speed, and if such act resulted in the killing it was immaterial whether it was accidental or intentional, and defendant would be guilty, though he tried too late to avoid the accident (BRIDGES, J., dissenting).

SAME (265, 288)—TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE. It is not unlawful comment on the evidence in a homicide case to instruct that circumstantial evidence is often as conclusive as direct and positive evidence, and that the jury should not discriminate either for or against it.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 27, 1923, upon a trial and conviction of manslaughter. Affirmed.

*Walter Metzenbaum* and *Wm. R. Bell*, for appellant.

*Malcolm Douglas*, *Bert C. Ross*, and *Chester A. Batchelor*, for respondent.

[1]Reported in 225 Pac. 63.

MITCHELL, J.—R. Ito, appellant, was charged and convicted of manslaughter in the killing of one Norris De Lane, a boy six years of age, on March 20, 1923, at a street intersection in the city of Seattle, by the reckless and unlawful driving of an automobile.

The first assignment is that the trial court erred in admitting the testimony of police officers concerning the search for a man named Tasucha, and the use of that name by the appellant in renewing his automobile license, upon the ground that it was irrelevant and immaterial. When the boy was run over and killed by the automobile, the driver failed to stop and hurriedly drove away. No witness at the scene of the injury was acquainted with the driver, noticed to be a Japanese, but one of them took the license number of the car, which, upon inquiry at the state license department, was learned to have been issued in the name of Tasucha as owner. The officers' investigation and search showed that Tasucha, who formerly owned the car, had returned to Japan a number of years ago and that the car had been purchased and used by one named Ito, or Oti. Pursuing the search, they learned of repairs to the car for him in the name of Tasucha, and later they found the appellant, who admitted to the officers that he owned the car, that no one drove it but himself, that he had continued to take out the license in the name of the former owner, and that his real name was Ito. This testimony was clearly not immaterial or irrelevant, going as it did to the question of the identity of the person who caused the death of the boy.

The next assignment is upon instructions to which exceptions were taken. It is presented in four subdivisions. (1) The defense was an alibi. The appellant claimed, and introduced proof to show, that from

two to five o'clock p. m. of the day of the injury, he
was elsewhere, and that, since the evidence on the part
of the state showed that the boy was killed at three-
thirty to four p. m. of that day, it was error for the
court in the instructions in speaking of the time to
refer to it as the "20th day of March," rather than
confine it to three-thirty to four p. m. of that day.
The contention is too technical to be favored and is
incorrect in principle. Under any and all of the testi-
mony on behalf of the prosecution, if the boy was not
killed within the hours that the appellant claimed he
was elsewhere, then there was no proof that the boy
was killed at all. The instructions could not have been
confusing or misleading. *State v. Druxman,* 88 Wash.
424, 153 Pac. 381.

. (2) It is objected that certain instructions elimi-
nated from the consideration of the jury the question
of whether or not the appellant's conduct was the
proximate cause of the injury. We think the appellant
is in error in making this contention. The instruction
was:

"If, however, you are convinced beyond a reason-
able doubt that the defendant was, at the time alleged
in the information, engaged in doing an unlawful act,
to-wit: driving a vehicle upon any public street in a
careless and imprudent manner, or at a greater speed
than was reasonable or proper, having due regard to
the traffic and use of the way by others, or so as to
endanger the life and limb of any person, or driving
a motor vehicle across a public street intersection at
a rate of speed faster than twelve miles per hour, and
that such unlawful act resulted in the killing of the
said Norris De Lane, then it would be immaterial
whether the killing was accidental or intentional. The
defendant would be guilty and it would not excuse the
defendant that he had tried when it was too late, to
avoid the accident."

The instruction was correct. *State v. Stentz*, 33 Wash. 444, 74 Pac. 588.

(3) The following instruction is objected to as a comment upon the evidence, viz.:

"The jury is instructed that circumstantial evidence is to be regarded by the jury in all cases, and is many times quite as conclusive in its convincing power as direct and positive evidence. When it is strong and satisfactory the jury should so consider it, neither enlarging nor belittling its force. It should have its just and fair weight with you; and if, when it is taken as a whole and fairly and candidly weighed, it convinces the guarded judgment, you should convict, and on such conviction you are not to fancy situations or circumstances which do not appear in the evidence, but you are to make those just and reasonable inferences from circumstances proven which the guarded judgment of a reasonable man would ordinarily make under like circumstances. And if, in connection with the other evidence before you, you then have no reasonable doubt as to the defendant's guilt, you should convict him."

The objection is not justified. Had the court said that the circumstantial evidence in the case is convincing, or that it is as convincing as the direct and positive evidence in the case, a different situation would have been presented. On the contrary, the court simply stated a truism, that many times such testimony is as convincing as direct and positive evidence. Taken in connection with the whole paragraph of the instruction, it was but to say to the jury that, if they were satisfied of defendant's guilt beyond any reasonable doubt, even though upon circumstantial evidence, together with the direct evidence, they should convict, and that they should not discriminate for or against circumstantial evidence, but should act upon it with equal faith as in the case of direct testimony, if it was

convincing. *Roberts v. State,* 17 Ariz. 159, 149 Pac. 380; *People v. Howard,* 135 Cal. 266, 67 Pac. 148.

(4) The instruction on the subject of alibi was in the form approved in *State v. Rosi,* 120 Wash. 514, 208 Pac. 15, and *State v. Johnson,* 122 Wash. 394, 210 Pac. 774.

The third general assignment is that the motion for a new trial should have been granted, argued here as though the evidence was insufficient to justify the verdict. Upon a consideration of the evidence, however, we are satisfied that it was ample to sustain the verdict. The trial was a fair one.

Affirmed.

MAIN, C. J., PEMBERTON, and FULLERTON, JJ., concur.

BRIDGES, J. (dissenting)—I am sorry that I cannot concur in what is said in subdivision 2 of the foregoing opinion.

Preceding the instructions quoted in the opinion, the court gave the following:

"In order to convict the defendant of the crime herein charged the state must prove to you beyond a reasonable doubt: (1) That on the 20th day of March, 1923, the defendant wilfully and unlawfully operated a motor vehicle, to-wit, an automobile over the streets of Seattle, King county, Washington, in a careless, imprudent manner, at a rate of speed that then and there endangered the life and limbs of persons using said public highways and that he operated and moved said automobile over a street intersection at a rate of speed in excess of twelve miles per hour; (2) That while so recklessly and so unlawfully operating said automobile he drove the same into, against and upon the body of one Norris De Lane, a human being, thereby mortally wounding said Norris De Lane, of which said mortal wounds said Norris De Lane then and there died. If you find that the state has proven beyond a reasonable

doubt these two elements you will find the defendant guilty. On the other hand, if you find that the state has failed to prove beyond a reasonable doubt both of said elements you will find the defendant not guilty."

It will be noticed that in this instruction there is an entire absence of the idea of proximate cause. It makes the appellant guilty if he were driving in a reckless manner and struck and caused the death of deceased. There is no intimation that the killing must have been the result of, or proximately caused by, the reckless driving. Manifestly, the instruction, taken alone, is seriously erroneous in this respect.

I have talked with the writer of the opinion concerning this feature of the case and he informs me that he did not refer to the portion of the instructions which I have quoted because he considered the omission thereof to be fully covered by the instructions quoted in the majority opinion, wherein it was stated that the killing must have been the result of the reckless driving. I, of course, recognize the rule that, ordinarily, instructions must be considered as a whole, and that it is not reversible error if one subdivision of the instructions, not in itself complete on a given subject, fails to cover all features of the law, so long as the absent features are covered by other instructions. But I think the rule cannot be applied here. By that portion of the instructions which I have quoted, the court intended to, and did, cover the whole subject. He instructed that, if the state proved certain things, the defendant was guilty, otherwise he was not. The subsequent instruction quoted in the opinion of the court was on an entirely different question, to wit, intent, or, rather, absence of intent.

For the reasons briefly stated, I must dissent.