[No. 23836.   Department Two.   November 28, 1932]

THE STATE OF WASHINGTON, *Respondent,* v.
R. M. MOONEY, *Appellant.*[1]

*Geo. H. Crandell,* for appellant.

*Robert M. Burgunder* and *William J. Wilkins,* for respondent.

MAIN, J.—The defendant was by information charged with the crime of manslaughter, to which he pleaded

[1]Reported in 16 P. (2d) 455.

not guilty. The trial resulted in a verdict of guilty as charged. The defendant moved for a new trial, which motion was overruled, and he appeals from the judgment and sentence.

The preliminary facts essential to be stated are these: The accident which resulted in the prosecution of the appellant happened on March 24, 1931, at about the hour of 10:30 o'clock p. m., at the intersection of Third avenue northwest and west Eighty-fifth street, in the city of Seattle. Third avenue northwest extends north and south, and west Eighty-fifth street east and west. The center line of the latter street is the dividing line between the north boundary of the city and King county. Neither street at this intersection is an arterial highway.

Clarence B. Kelly was proceeding west on the north side of west Eighty-fifth street, approaching the intersection of that street with Third avenue northwest, driving a Buick coupe. The appellant was proceeding north on Third avenue northwest, approaching the same intersection, driving a Packard sedan. In the intersection, the collision between the two automobiles occurred, and Mr. Kelly received injuries from which he died soon afterwards. Counsel who appear for appellant in this court did not appear for him in the superior court in the trial of the action.

■ It is first contended that the court erred in certain instructions given to the jury. The particular objection to these instructions is that they contain the words "imprudent manner." In instruction No. 4, which was first complained of, the jury were told that, if the appellant, at the time mentioned in the information, was engaged in an unlawful act,

". . . to-wit: driving an automobile in a reckless, unlawful or negligent manner, or in a careless, or imprudent manner, or at a rate of speed greater than was

reasonable and proper under the conditions which existed at the point"

of collision, and that such unlawful act resulted in the death of Mr. Kelly, then it would be immaterial whether the killing was accidental or intentional.

Rem. 1927 Sup., § 6339, in part, provides:

"It shall be the duty of every person operating a motor vehicle on the public highways of this state to drive the same in a careful and prudent manner."

Rem. 1927 Sup., § 6362-3, subd. (a), provides that every person operating or driving a vehicle of any character upon a public highway of this state shall drive the same

". . . in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, . . ."

It will be noted that the language in the instructions complained of is the language used in each of the sections of the statute referred to. Similar instructions have been approved by this court. *State v. Vanskike,* 120 Wash. 659, 208 Pac. 84; *State v. Ito,* 129 Wash. 402, 225 Pac. 63. In the latter case, the instruction was very like instruction No. 4 given in this case, and contained the words "imprudent manner" in the same connection. It was there said: "The instruction was correct."

In addition to this, the exceptions taken to the instructions now complained of did not point out the particular objection which is now urged against them. When the exceptions were taken, there was no suggestion that the words "imprudent manner" were improper and should not be in the instruction. Under Rule of Practice VI, Rem. 1927 Sup., § 308-6, an exception must be sufficiently specific to point out the

question of law in dispute. General exceptions are not sufficient to preserve the right to review the error, if there be one. *Kelley v. Cohen,* 152 Wash. 1, 277 Pac. 74; *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 295 Pac. 921; *Slattery v. City of Seattle,* 169 Wash. 144, 13 P. (2d) 464. The rule of practice, above mentioned, by Rem. 1927 Sup., § 308-9, subd. 5, is expressly made applicable to criminal cases, where it is provided that "Exceptions in criminal cases must be taken as in civil cases."

It is next contended that the evidence was not sufficient to sustain the verdict of the jury. From the evidence offered by the state, the jury had a right to find: That the Buick coupe entered the intersection at a speed of about fifteen miles an hour and the Packard entered at not less than thirty miles an hour; that the Packard, as it approached the intersection, was traveling in the center of Third avenue northwest; that, at the time the Packard entered the intersection, the Buick had reached about the center thereof, as it was proceeding across on the north side; that the two automobiles came together in the northwest quarter of the intersection, the front of the Packard car striking the Buick on the left-hand side at or near the door opposite the driver's seat; that, after the collision, the Buick traveled from fifty-five to sixty feet and came to rest in a vacant lot; that the Packard traveled thirty to thirty-five feet; that the left front wheel of the Buick, with the exception of the hub and the stubs of the spokes, was torn off; and that, just prior to the impact, the driver of the Packard attempted to turn to the left to avoid the collision and the Packard struck the Buick a slightly glancing blow. The evidence offered by the appellant is directly in conflict in material respects from that offered by the state. The Buick, as it entered the intersection, being on the right, was in

the favored position, and it was the duty of the driver of the Packard to yield it the right of way.

It is argued that, from the photographs taken of the cars after the accident, the distance which each traveled, and the damage which each sustained, it must necessarily be concluded that the Buick car entered the intersection at a high rate of speed and the Packard at a moderate. There was direct evidence of an eye witness that it was the force of the blow which the Buick received from the Packard which caused the former to travel the distance that it did after the impact. The condition of two automobiles after there has been a collision between them and what they may do after the impact and the distance that they travel, does not show with unerring certainty what each was doing before the collision or the speed at which they were respectively traveling. Clearly, under the evidence, the question was one for the jury.

■ Lastly, it is contended that there was misconduct on the part of a deputy prosecuting attorney in propounding questions on cross-examination of certain witnesses that were immaterial, and were such as to create a prejudice in the minds of a jury. The scope of the cross-examination has a direct relation to what was brought out on direct examination, and the cross-examiner may ask questions for the purpose of testing the credibility of the witness or showing his interest in the result of the action. Some of the questions, which now are apparently complained of, were not objected to upon the trial.

As has been many times said by this court, the scope of the cross-examination of the witness rests largely in the discretion of the trial court, and this court will not disturb the rulings of that court in the absence of an abuse of discretion. In this case, there is nothing to indicate that the trial court in any manner

abused its discretion with reference to the scope of the cross-examination permitted.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, HERMAN, and STEINERT, JJ., concur.