## STATE v. DONOVAN.

No. 5056. Decided January 21, 1931. (294 P. 1108.)

*McCullough & Callister* and *S. A. King,* all of Salt Lake City, for appellant.

*Geo. P. Parker,* Attorney General, and *L. A. Miner,* Deputy Attorney General, for the State.

CHERRY, C. J.

The appellant was tried before a jury upon a charge of robbery. He was found guilty and sentenced to imprisonment in the state prison. From the judgment he has, appealed to this court. The questions presented by the appeal relate exclusively to alleged errors in the instructions of the court to the jury. The record on appeal does not purport to contain the evidence received at the trial. The bill of exceptions, with respect to the evidence, contains merely a stipulation that the circumstances of the crime committed were such as to constitute robbery. The evidence of the guilt of the accused is not brought up.

The information contained but one count, which was to the effect that the accused, while armed with a sawed-off shotgun, loaded with powder and bullets and tear gas, made an assault upon a bank messenger, and, by means of force and fear, did steal and take away from his person $34,000 in money.

At the trial the accused requested an instruction that the information contained but one count, did not include the crime of grand larceny, and that a verdict of guilty of grand larceny would not be justified. The court refused the request and instructed the jury that the crime of robbery, defining it, included the crime of grand larceny, defining it, and submitted both to the jury.

Complaint is made of this. It is contended that, because Comp. Laws Utah 1917, § 8834, provides that "the informa-

tion or indictment must charge but one offense, * * * provided * * * that an information or indictment for robbery may contain a count for larceny," a separate count for larceny is necessary in an information in order to include it in the charge.

The statutory provision cannot be given the effect contended for. With respect to the cases where an offense necessarily includes one or more lesser offenses, the main crime cannot be charged without charging the included lesser offenses. In such case the requirement that the information or indictment must charge but one offense has no application, but the matter is governed by Comp. Laws Utah 1917, § 9025, which provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

While it is permissible in an information for robbery to include a separate count for larceny, it is not necessary to so plead larceny, because larceny is necessarily included in robbery, and a case of robbery cannot be stated without also stating a case of larceny. Under statutes similar to section 9025, the generally accepted modern rule is that an indictment for robbery will sustain a conviction of larceny. 31 C. J. 868. It must follow that no error was committed by submitting the included offense of larceny to the jury.

The court further instructed the jury that:

"Possession of property recently stolen when the party in possession of it fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt as provided by the laws of the State of Utah. Such prima facie evidence of guilt, however, does not relieve the state of proving the defendant's guilt beyond a reasonable doubt, but the possession of property recently stolen may be considered by you as other evidence in the case and given such weight as the circumstances and conditions may in your judgment warrant, but even though no attempt is made to explain such possession, such possession alone is not sufficient evidence to warrant a conviction. But such possession may likewise be taken into consideration by you in connection with the other circumstances as may be shown by the evidence in the case."

An exception was taken to the giving of this instruction, and error is assigned on account of it. It is argued that the instruction is erroneous and misleading, mainly because of the contention that the rule which makes ██ recent possession of stolen property, not satisfactorily explained, prima facie evidence of guilt, is restricted to cases of larceny, and is not applicable to robbery.

Comp. Laws Utah 1917, § 8285, is as follows:

"Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another. Possession of property recently stolen, when the party in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt."

Comp. Laws Utah 1917, § 8043, is as follows:

"Robbery is the felonious taking of personal property in the possession of another, from his person, or immediate presence, and against his will, accomplished by means of force or fear."

It is generally held that recent possession of stolen property, when not satisfactorily explained, is prima facie proof of guilt of burglary or robbery, when it is proved that the larceny and burglary or robbery must have been committed in the same transaction. See annotation, "Possession of recently stolen property as evidence of burglary," 12 L. R. A. (N. S.) 199. *State* v. *Harris*, 194 Iowa 1304, 191 N. W. 83; *People* v. *Deluce*, 237 Ill. 541, 86 N. E. 1080; *State* v. *King*, 67 Wash. 651, 122 P. 323. But the instant case does not require a decision of that question. While the instruction in question stated that the unexplained possession of recently stolen property was prima facie evidence of guilt, the statement was materially qualified, if not disputed, by the further charge that such prima facie evidence did not relieve the state from proving defendant's guilt beyond a reasonable doubt, and that such possession, even though unexplained, was not alone sufficient to warrant a conviction, but that such possession might be taken into consideration with other circumstances, etc.

What is or is not prima facie evidence of guilt is a question of law for the court to enable it to determine whether or not the case shall go to the jury. It is not proper to instruct the jury upon the subject. *State* v. *Barretta*, 47 Utah 479, 155 P. 343. But here we are called upon to decide whether the improper statement, in view of the remainder of the instruction, constitutes reversible error.

As before stated, we have no access to the evidence of the defendant's guilt, and no question of sufficiency of evidence to sustain the verdict is presented. We are to determine whether the instruction complained of must invalidate the verdict. That part of the instruction to the effect that possession of property recently stolen, etc., shall be deemed prima facie evidence of guilt is disapproved because the jury was not concerned with the question. The duty of the jury was to determine whether the guilt of the accused had been proved beyond a reasonable doubt. But this error, or impropriety, rather, in view of the remainder of the instruction, cannot be said to have resulted in any prejudice to the accused. The clear purport of the instruction, notwithstanding the reference to what should be deemed prima facie evidence of guilt, was that recent and unexplained possession of stolen property was not alone sufficient to warrant a conviction, but was only a circumstance to be taken into consideration with the other evidence, and that proof of guilt beyond a reasonable doubt was necessary to warrant conviction. The defendant was not entitled to a more favorable instruction on the subject.

We find no prejudicial error in the record.

JUDGMENT AFFIRMED.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.