## STATE v. BARKAS.

No. 5785.   Decided March 6, 1937.   (65 P. [2d] 1130.)

*E. A. Rogers* and *Allen T. Sanford,* both of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

LARSON, Justice.

The appellant, Chris Barkas, was convicted in the district court of Salt Lake county, of assault upon Felix Cordova with a deadly weapon, with intent to do bodily harm, and appeals to this court. The errors assigned may be grouped under three heads:

1. The evidence is insufficient to justify the verdict in that it fails to show any intent to do bodily harm.

2. The trial court erred in not instructing the jury that a verdict could be rendered upon a lesser charge.

3. Rulings of the court on admission and rejection of evidence.

The first proposition necessitates a brief review of the evidence if the question and ruling are to be understood. Appellant owned and operated about 2,000 head of sheep in Tooele county. The complainant, Cordova, had for some months been employed by appellant as a sheepherder, such employment terminating about January 17, 1935. On the morning of July 17, 1935, defendant was with his sheep in the mountains west of Bingham. Cordova, who lived at Bingham, testified that on the morning of July 17, he climbed up the mountains toward the camp of defendant, to collect from Barkas the sum of $4.28 which he claimed defendant owed him from the previous January. As he came over a ridge, he saw defendant coming over the next ridge and went down into the draw and met him. Defendant, who had a shotgun in his right hand and a revolver in his left, asked Cordova what he was doing there. Complainant replied he came up to collect the $4.28 due him. Without further words, defendant raised both weapons and pointed them at complainant. Cordova grabbed the hand that held the revolver and attempted to push it down; defendant trying to raise the arm and pistol. In the struggle the pistol was discharged wounding complainant in the leg. Cordova, under orders of defendant, started down the trail. After going about 100 yards, Barkas ordered him to stop and pull down his pants

to see if he had been shot. Cordova replied he had not been hit. Barkas then accused defendant of being up there stealing sheep. There had been no previous quarrels between them.

Appellant insists that this story is so utterly fantastical under all the circumstances as to be unworthy of belief. We are not called upon to pass on that question, nor was the trial court, because defendant did not rest his case upon the State's evidence. Without raising that question, he went upon the witness stand and added his own version of the affair. Defendant, and the complainant, Cordova, were the only witnesses to the shooting. Defendant testified that he did not owe Cordova any money; that as he sat on a ridge near his sheep about 6 o'clock in the morning, part of the sheep, grazing in and about a bunch of aspen in the draw, suddenly ran and scattered in all directions as though badly frightened; that he started toward them thinking some wild animal was after them; Cordova came out of the aspen about 400 feet away, saw defendant, and started to run. Defendant called to him to stop and when he did not, fired at him. Defendant again ordered Cordova to stop or he, defendant, would cripple him, "shoot him in the flesh"; that defendant then shot again at Cordova's leg, and hit him in the thigh. That some of defendant's sheep had, the week previous, been stolen and butchered, and when he saw Cordova come out of the aspen from which the sheep were frightened he thought Cordova was trying to steal sheep; that at the time of the shooting he had not recognized Cordova. That is all the evidence with respect to the shooting.

Appellant, having told his story before he challenged the sufficiency of the State's case, must have his objection considered in the light of the whole record. Was there sufficient evidence to go to the jury? Cordova was shot in the leg with a revolver; appellant shot twice at him at a distance of 175 to 300 feet; the first shot was fired to frighten and stop Cordova, the second fired with the intent to wound and succeeded; the man wounded was fleeing

so the shooting was not necessary. It is too elemental to require argument, that to point a loaded revolver at another to frighten or wound him constitutes an assault; that a loaded revolver is a deadly weapon; and that shooting at another to wound him is with intent to do bodily harm, unless those things were done under conditions and circumstances which justified the acts in the eyes of the law.

Counsel for appellant admits the foregoing, but contends that under defendant's story he was justified in shooting if he had reasonable cause to believe that Cordova was attempting to steal sheep. The question as to whether or not one is justified in shooting another who is in flight just because he thinks, or has reasonable cause to believe, the fleeing man had committed, or had been attempting to commit, a felony, is not within the issues presented on this appeal, and therefore we cannot make a ruling upon it. The trial court, however, pursuant to defendant's theory and request, instructed the jury that if defendant believed that Cordova had been trying to steal sheep, defendant would be justified in the shooting. Without determining whether this instruction was erroneous, since it was submitted at defendant's request, he cannot now complain because the jury found against him on that issue. Since no complaint is made of the instructions, we pass no opinion upon them. Based then upon defendant's own story, there was ample evidence to send the case to the jury and, of course, the jury could pass upon complainant's story as well as defendant's, and believe either, neither, or parts of both.

Should the trial court have instructed the jury as to lesser or included offenses? The appellant requested such instructions and after the court's charge was read to the jury, the district attorney called the attention of the court to the fact that the court had not included in the charge any lesser or included offenses. The trial court replied that in its judgment there was no evidence to justify a verdict on a lesser offense and submitted the cause to the jury on only two possible verdicts, "guilty of assault with

a deadly weapon with intent to do bodily harm," or "not guilty." Appellant bitterly assails this ruling. The trial court evidently took the position that the defendant could not ask the jury to disbelieve his own testimony, and was not entitled to any instructions to the jury not consistent with, and not founded upon, the theory of the case and evidence as narrated in his own testimony; and that since the defendant admitted shooting Cordova intentionally he must be guilty of assault with a deadly weapon with intent to do bodily harm unless he was justified in such shooting. This theory, however, clashes with two fundamental rules, in trial of criminal cases: It has the effect of the court weighing the evidence and, in effect, limiting the jury to a consideration of only part of the evidence (the defendant's); and it, in effect, casts upon the defendant the burden of proving his innocence or justification. We recognize the rule that where defendant admits the facts substantially as contended by the State, and justifies his act, he has the burden of showing the facts to establish his justification. But in the instant case, defendant did not admit the State's account of what had happened at the shooting; but denied it in toto, and told an entirely different story of what had occurred and how it happened. He put directly in issue all the evidence of the State, and the duty of weighing one story against the other, belonged to the jury and not the court. And if the jury believed Cordova's story of how the shooting occurred, they might well find a verdict on a lesser charge. Cordova testified that without words spoken defendant pointed a pistol at him with one hand, and a shotgun with the other hand, and demanded to know what he was doing there. This, if done with the intention of frightening, or intimidating or interfering with Cordova would constitute a technical or simple assault, which is a threat or attempt to interfere with one's sense or feeling of physical security and put one in fear for his safety. Cordova further testified that he grabbed defendant's pistol arm, and in the struggle the pistol was discharged wounding him in the leg.

This is not inconsistent with the conviction that the shooting was accidental and not done intentionally to hurt Cordova, in which event it would only be a simple assault. Such conclusions are not beyond reason, and the jury should have been permitted to consider them and pass upon them.

A closely similar case is *People* v. *Gilday,* 351 Ill. 11, 183 N. E. 573. See, also, *Windle* v. *State,* 102 Ohio St. 439, 132 N. E. 22.

There can be no doubt that a charge of assault with intent to do bodily harm, includes also a simple assault, because that assault must be proved as a necessary element of the greater offense. It is not necessary that bodily harm should actually be inflicted to prove the crime set forth in the information in this case. The elements of the offense charged are: (1) An assault; (2) use of a deadly weapon; and (3) an intent to do bodily harm. An assault is an "attempt coupled with the ability." If the attempt succeeds, it becomes battery, or, perhaps, mayhem, murder, or some other crime. And since "simple assault" is a necessary element of the offense charged or any offense included therein, and since under the evidence the jury could have believed Cordova and found that was the only offense committed, it was error on the part of the trial court to refuse to submit that possible verdict to the jury. As said by this court in *State* v. *Hyams,* 64 Utah 285, 230 P. 349.

" * * * the courts, we think, without exception, have held that, where the accused is charged with a greater offense, he is nevertheless entitled to an instruction that the jury may convict him of a lesser offense if included within the greater; that is, he may be found guilty of simple assault, or assault and battery, unless the evidence is of such character as will necessarily require a finding that the greater offense was committed by him. * * * It is, however, always a delicate matter for a trial court to withhold from the jury the right to find the accused guilty of a lesser or included offense, and determine the question of the state of the evidence as matter of law. That should be done only in very clear cases."

Complaint is made by appellant against certain rulings of the trial court with respect to objections to certain questions

asked of witnesses on cross-examination. We have carefully read the transcript and find no reversible error on such rulings. The questions were on the border line of the field of cross-examination, and within the discretion of the trial court. While the court could, with propriety have ruled the other way on each of the questions assigned as error, we cannot say that the court abused its discretion or that its rulings constitute error.

The verdict and judgment of the trial court are set aside, and the cause remanded to the district court of Salt Lake county with instructions to grant a new trial.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.