432 P.2d 53

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Joe S. VALDEZ, Defendant and Appellant. No. 10843.**

Supreme Court of Utah.
Sept. 29, 1967.

Ronald N. Boyce, Jimi Mitsunaga, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Leroy S. Axland, Gerald G. Gundry, Asst. Attys. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice:

Defendant Joe Valdez was convicted of the crime of assault with a deadly weapon upon evidence that on November 19, 1966, he had stabbed one Jose Don Valerio at Gus's Tavern on West 25th Street in Ogden, Utah. On appeal he charges error in instructions to the jury and the admission of certain evidence.

The first error urged is that the jury should have been instructed on the lesser and included offense of simple assault. There was substantial evidence that defendant stabbed Valerio in the stomach with a knife. On the other hand, the defendant testified that he had a scuffle with Valerio, but denied the stabbing; and some of the witnesses saw defendant push or strike Valerio, but said they did not see a knife. Upon this testimony, and upon defendant's theory of the case, he would have been entitled to an instruction on the lesser offense, if he had so desired and requested.

As a general rule the trial court should submit to the jury included offenses where the evidence would justify such a verdict. But like all general rules, there are exceptions and it may depend on circumstances. In this case there was no re-

quest, either written or oral, for an instruction on the lesser offense of assault. We say this advisedly after having examined the statements of counsel which defendant now argues should be deemed sufficient to constitute a request. If the defendant had desired that procedure, it was his duty to submit a proper request in writing, or at least to clearly indicate to the court orally that such was his desire.

Sometimes as a matter of trial strategy a defendant desires to have his case submitted to the jury upon the basis of the greater offense only and to risk "all or nothing" on the outcome. That this was defendant's idea here finds support in the manner in which his argument was presented to the jury:

> Now the *sole question* here gentlemen is simply was Mr. Valerio assaulted *with a knife* by Joe Valdez, *not* that he hit him on the chin, not that he pushed him against the wall, not that he roughed him up a little bit, but did he assault him *with a knife.*

Having made his choice, he is bound by it; and he cannot thus elect to make no request as to a lesser included offense, with a reservation in mind that if he is convicted he can claim error and obtain a new trial.[1] Under the circumstances shown in this record, there was no prejudicial error in failing to submit the included offense.

Two other aspects of the trial are singled out for attack by the defendant. For the purpose of showing that the defendant had an enmity toward Valerio, and thus a motive for the stabbing, evidence was adduced that some months before, the defendant and Valerio had been drinking together; that defendant had been charged with drunk driving; and that since a conviction would be a violation of defendant's parole, he had asked Valerio to take the blame, but Valerio had refused, which had resulted in animosity toward him. Defendant argues that this evidence would have been viewed by the jury as showing a general propensity for committing crime;[2] and that its admission was prejudicial error because no instruction was given cautioning the jury to consider it only to show motive.

A similar claim is made that the court erred in that the instruction stating that evidence that the defendant had been previously convicted of felony is a circumstance they could consider in determining his credibility did not go on to express the negative: that this was the *only* purpose for which that evidence could be considered. Defendant argues that this failure was especially crucial to his case because of the prosecuting attorney's repeated references to his felony convictions, both on cross-examination and in his argument.

---

1. See State v. Mitchell, 3 Utah 2d 70, 278 P. 2d 618.

2. See State v. Dickson, 12 Utah 2d 8, 361 P.2d 412.

In regard to the contentions that the court should have included cautionary instructions concerning the matters just set forth, these observations are pertinent. In most circumstances it is sufficient that the trial court state affirmatively to the jury what the evidence may be considered for. It is usually not necessary to state what it may not be used for; and it seems proper to assume that they will use it in the way in which they are instructed.[3] Nevertheless, in the instant case, for the purpose of reviewing the charges of error, we accept the position of the defendant as correct: that it would have been in order to include in the instructions the precautions he suggests. However, the same defect exists as stated on the first point discussed in this opinion. No request was made for any such limiting instructions.

Although the record does show oral exception to the instructions relating to consideration of the evidence concerning motive and prior convictions of felony, the grounds now complained of were not mentioned. The purpose of exceptions is to assist the court in giving correct instructions. This purpose is best served by calling its attention to what is wrong and suggesting what is right. But the purpose of this procedure is not to permit a party to take an exception upon one ground, and then if he is convicted, use a different ground than he disclosed to the court to obtain a reversal. Accordingly, if the defendant has not stated a correct basis for objection to an instruction, he cannot wait until after he loses, and then complain about it for the first time.[4]

Upon our survey of this record it appears that the defendant had what the law entitles him to: a full and fair opportunity, with the aid of competent counsel, to present his case to a jury in the manner and on the theory he then desired. It further appears that after the verdict went against him an effort has been made by other counsel to discover some error in the hope of a reversal. We are firmly committed to the proposition that the rules of law and procedure must be adhered to, particularly in a criminal case. But once a fair trial has been afforded the defendant and a verdict which is supported by the evidence rendered, the proceedings are presumed to be valid; and we are not disposed to reverse for mere technicalities or irregularities unless they put the defendant at some substantial disadvantage or had some material bearing on the fairness of the proceedings or its outcome.[5] We have

---

3. 5 Am.Jur.2d, Appeal and Error, § 890.
4. State v. Cooke, 59 Wash.2d 804, 371 P. 2d 39, 94 A.L.R.2d 564; State v. DuBois, 98 Utah 234, 98 P.2d 354.

5. See statements as to verity of judgment in a criminal case in State v. Canfield, 18 Utah 2d 292, 422 P.2d 196; and State v. Seymour, 18 Utah 2d 153, 417 P.2d 655.

found no such error here. (All emphasis added.)

Affirmed. No costs awarded.

TUCKETT, HENRIOD and ELLETT, JJ., and CHARLES G. COWLEY, District Judge, concur.

CALLISTER, J., not participating.