437 P.2d 208

**STATE of Utah, Plaintiff and Respondent,**
v.
**Dennis A. HUNTER, Defendant
and Appellant.**
No. 10893.

Supreme Court of Utah.

Feb. 7, 1968.

Gary W. East, Salt Lake City, for defendant and appellant.

Phil L. Hansen, Atty. Gen., Floyd G. Astin, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment entered after a jury verdict, finding Hunter guilty of assault with a deadly weapon. Affirmed.

Hunter and one Clark, suspects and inmates of a county jail, staged a jailbreak while a state trooper brought them food. The trooper's .357 Magnum pistol was taken from him and he was locked in a cell. Hunter and Clark stole the trooper's car belonging to the state. Then ensued a high speed chase by other alerted officers, who cornered Hunter and Clark after they had abandoned the state car and stolen another. There is no question but that Hunter, after being trapped, and within 100 feet of the peace officers, fired point-blank at them, but missed. He and his cohort Clark were captured while Hunter still had the high-powered Magnum in his fist, and while Clark, wounded, was on the ground.

The only point on appeal is that the trial court erred in failing to instruct on an included offense—that of simple assault. The trial court decided that it was all or nothing—and rightly so,—under the facts of this case. We agree and so hold. The plea that Hunter simply was trying to frighten someone,—a jury question,—falls on deaf ears in this case, and is like saying a cobra is only trying to frighten a mongoose in an obvious death struggle. A .357 Magnum is not the gentle magnum cum laude that connotes peace and

quiet. Where the facts point unerringly to deadly violence and not to a boxing match between the kids at the Y.M.C.A., there is little need to confuse the two with an ameliorating instruction as to horseplay that is not in any sense of that word reflected in the facts adduced at this trial. In this case the exchange of shots was no subject for repartee, and it is to the credit of the peace officers involved, that any coolness, in the line of fire, was theirs,— not that of the defendant, bent on escape at any cost, including perilous speeds and irresponsible use of stolen gunfire.

Hunter relies on State v. Barkas[1] on the authority of State v. Hyams,[2] —and that's about all. In State v. Barkas, the facts indicated that a couple of sheepmen indulged in an altercation when the complainant, Cordova, seeking to exact a $4.28 claim, the amount for sheepherder's salary, invaded Barkas' domain with a loaded gun. Barkas was loaded, too. Cordova grabbed Barkas' arm. Barkas was protecting his property, and in the meleé, Barkas' gun went off and hurt the trespasser, Cordova. The court erroneously refused to instruct on simple assault under the circumstances. But if defendant urges that the Barkas case, which simply says a simple assault is included in an assault with a deadly weapon,—with intent to do bodily harm,—we agree, but demur in its application to the facts here, with

respect to any duty of the trial court to give an instruction on simple assault. It was obvious that in the Barkas case an instruction on simple assault was apropos and the failure to give it was error.

A reading of the Barkas case lays down the principle that a simple assault is included in the more serious offense of assault with a deadly weapon. On the facts of that case we think that that not only is correct but called for an instruction on simple assault.

In the instant case, the defendant, on undisputed facts, assaulted a peace officer trying to befriend him while being fed, took his gun away from him, stole his assigned patrol car, belonging to the state, raced it at high speed down and up mountainous territory, stole another car with an incidental robbery, and finally being chased into a box canyon, attempted to gunfire his way out by projecting three shots at his, I think, brave pursuers, who finally subdued and captured him. For him now to say the Barkas and Hyams cases protect him under these circumstances, is not only absurd, but incredulous. If he is right, Barkas and Hyams should be overruled, —but we do not think it necessary to take that position since we think Barkas and Hyams by their facts and wordage comport with what we say here.

Where the evidence is such that, as here, there can be no question in the mind of a

1. 91 Utah 574, 65 P.2d 1130 (1937).

2. 65 Utah 285, 230 P. 349 (1924).

reasonable man that this defendant, cornered by peace officers, intended only to frighten the latter by pumping three high-powered slugs at them, is of itself a frightening thought that such a defense should be urged.

The evidence in this case indicates, without dispute, that Hunter might have been charged with a myriad of offenses such as resisting an officer, grand larceny three times, jailbreak, obstructing justice, several assaults, escape from custody, assault with a deadly weapon, ad infinitum. Why the state chose the most difficult to establish, we don't know. Suffice it to say, Hunter's defense in the instant case is tenuous and naive.

The urgence by counsel for defense is that although there was an assault with a deadly weapon, the jury was entitled to ponder as to the intent to do bodily harm,—which in our opinion is nonsense under the facts of this case,—reflects only the example mentioned above about the cobra and the mongoose.

In passing, but with appreciation, this court wishes to acknowledge that Hunter's counsel on appeal was appointed by the court, took no part in the trial, but did a highly commendable job under the facts with which he had to work. The court expresses its appreciation for his unpaid efforts.

CROCKETT, C. J., and CALLISTER, and TUCKETT, JJ., concur.

ELLETT, J., being disqualified, does not participate herein.

WILKINS, District Judge (dissenting):
I dissent.

When counsel for the defendant requested the instruction on the included offense—that of simple assault—I believe the trial court should have given it.

The holdings of the Barkas and the Hyams cases, cited by the majority opinion, require that an instruction on the lesser and included offense be given. Concededly, these two Utah cases, in dicta, do allow "in very clear cases," the refusal to give this instruction.

But a measurement of the whole fabric of legal reasoning and tone of Barkas and Hyams, it seems to me, compels a holding in this matter that the instruction requested should have been given.

Further, I believe that if the jury had the choice, as it did in this matter, of finding the defendant guilty or, more importantly, *not guilty* of the greater offense, then with stronger reason, it should have had this choice with respect to the lesser and included offense.