514 P.2d 535

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Parley Edward NIELSEN, Defendant and Appellant.**

**No. 13284.**

Supreme Court of Utah.

Sept. 26, 1973.

L. Ridd Larson, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, William T. Evans, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

Defendant was charged with assault with a deadly weapon and at the trial, the jury found the defendant guilty as charged. Thereafter the court sentenced the defendant to serve not more than five years in the Utah State Prison.

Defendant is here seeking a reversal of his conviction and sentence.

During the afternoon of September 28, 1972, the defendant, accompanied by two friends, went to the La Sabre Lounge in American Fork, Utah. Defendant's estranged wife, Darlene Nielsen, was employed as a bartender at the lounge. During the course of the afternoon the defendant and Darlene each consumed a quantity of alcoholic beverages and a quarrel between them ensued. Defendant approached Darlene with a knife in his hand and after a brief encounter, Darlene looked down and discovered the knife sticking in her abdomen. She had not felt the knife enter her body. At the trial the defendant testified that Darlene during the encounter grabbed the knife from his hand and stabbed herself.

Defendant is here seeking a reversal on the ground that the evidence is insufficient to show an assault; that the evidence is insufficient to support a finding that the defendant intended to do great bodily harm to Darlene; and that the court failed to instruct the jury on the included offense of simple assault.

■ The defendant relies on the case of State v. Barkas.[1] That case stands for the proposition that the charge of assault with intent to do bodily harm includes also a simple assault. In the prosecution for assault with a deadly weapon with intent to do bodily harm, the actual infliction of bodily harm need not be shown in order to make out the offense. While the record does not show that Darlene Nielsen was frightened or apprehensive that the defendant intended to inflict physical injury upon her at the time he displayed the knife, if the State's evidence is to be believed, it shows that the attack was sudden and without warning. The assault was consummated when the defendant struck the blow. It should be noted that the decision in the case of State v. Barkas has been modified by this court in its later decisions including the case of State v. Hunter.[2]

■ As to the defendant's claim that the court erred in failing to instruct the jury on simple assault, it should be noted that the defendant did not request such an instruction,[3] and further, had the jury been convinced that the defendant's claim that the wound suffered by Darlene was self-inflicted was true, then the defendant was entitled to a verdict of acquittal. The evidence amply supports the findings of the jury that defendant was guilty of an assault with a deadly weapon with intent to do bodily harm.

The judgment of the court below is affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.

1. 91 Utah 574, 65 P.2d 1130.

2. 20 Utah 2d 284, 437 P.2d 208.

3. State v. Hunter, supra; United States v. Enos, 9 Cir., 453 F.2d 342.