STATE of Utah, Plaintiff and Respondent,

v.

John Michael DOUGHERTY, Defendant and Appellant.

No. 14106.

Supreme Court of Utah.

May 10, 1976.

David J. Knowlton of Vlahos & Knowlton, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Robert L. Newey, Weber County Atty., Ogden, for plaintiff and respondent.

MAUGHAN, Justice:

A jury trial produced a verdict which convicted the defendant of the crime of unlawful distribution for value of a controlled substance, viz., marijuana. Defendant appeals, assigning as error the refusal of the trial court to give an instruction on the lesser included offense of possession of a controlled substance. We affirm the conviction.

The statute upon which defendant relies is 77-33-6, U.C.A.1953, as amended:

The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense.

■ This statute, we have said, requires instructions on lesser included offenses, when the evidence and circumstances justify.[1] When an appellant makes an issue of a refusal to instruct on included offenses, we will survey the evidence, and the inferences which admit of rational deduction, to determine if there exists reasonable basis upon which a conviction of the lesser offense could rest.[2] No such basis exists here.

Helpful in our determination of this matter is *Lisby v. State*.[3] There the court had before it an accusation of sale of narcotics, and a refusal to instruct that the crime of possession of narcotics was an included offense. The court referred to N.R.S. 175.455, which is similar to our statute set forth above; and explained that the statute had codified the common law practice of permitting a defendant in a criminal trial to be found guilty of any offense, which is necessarily included in that with which he is charged. The court stated that a sale of narcotics is not possible without possession, actual or constructive.

■ The court discussed three situations in which the problem of lesser included offenses are frequently encountered. First, where there is evidence which would absolve the defendant from guilt of a greater offense, or degree, but would support a finding of guilt of a lesser offense, or degree; the instruction is mandatory.

■ Second, where the evidence would not support a finding of guilt in the commission of the lesser offense or degree. For example, the defendant denies any complicity in the crime charged, and thus lays no foundation for any intermediate verdict; or where the elements of the offenses differ, and some element essential to the lesser offense is either not proved or shown not to exist. This second situation renders an instruction on a lesser included offense erroneous, because it is not pertinent.

■ ■ Third, is an intermediate situation. One where the elements of the greater offense include all the elements of the lesser offense; because, by its very nature, the greater offense could not have been committed without defendant having the intent in doing the acts, which constitute the lesser offense. In such a situation instructions on the lesser included offense may be given, because all elements of the lesser offense have been proved. However, such an instruction may properly be refused if the prosecution has met its burden of proof on the greater offense, and there is no evi-

1. *State v. Close*, 28 Utah 2d 144, 499 P.2d 287 (1972).

2. *State v. Gilliam*, 23 Utah 2d 372, 463 P.2d 811 (1970).

3. 82 Nev. 183, 414 P.2d 592 (1966).

dence tending to reduce the greater offense. The court concluded by stating that if there be any evidence, however slight, on any reasonable theory of the case under which the defendant might be convicted of a lesser included offense, the court must, if requested, give an appropriate instruction.

The record reports two witnesses whose testimonies were diametrically opposed as to the alleged role of defendant in the sale of the marijuana. Undercover agent Rodney Woolsey, for the prosecution, testified he negotiated the terms of the purchase, with Toni Keller during the day. That evening he went to her home to complete the transaction; that Keller, in his presence, talked with someone on the phone stating, "I have got the individual here that needs—that wants the stuff." Keller then took a bag of marijuana from a cupboard under her kitchen sink and placed it on a table for inspection. Ninety dollars was paid to her, the undercover agent rolled up the sack, placed it under his coat, and walked to the door accompanied by Keller. He then said he returned the sack to Keller prior to their encounter with defendant, on the sidewalk, in front of Keller's dwelling. At that point Keller handed the money and the sack to defendant, who in turn gave the bag to Woolsey, neither looking in the sack or commenting about the price. A rather complicated delivery. The undercover agent conceded he did not negotiate with defendant concerning the purchase.

Toni Keller denied she made the telephone call; admitted the negotiations with Woolsey; denied the marijuana she secured was secured from defendant. She agreed with Woolsey's testimony she had removed the package of marijuana from under her sink, placing it on the table, and taking the $90 from Woolsey. She then said she placed the money in a box in a drawer in her kitchen. She further agreed they went to the door together, and down the stairs to the sidewalk; that Woolsey had possession of the drugs in a brown paper sack which he placed under his arm.

She disagreed with the testimony implicating the defendant, testifying that defendant came across the street, then returned to his vehicle; she did not recall defendant saying anything, and definitely nothing was mentioned about "dope." She denied that anything was passed to defendant.

The defense testimony could only prove complete innocence. Appellant's reason for his exception to the court's refusal to give the instruction is the jury by selectively evaluating the facts, as is their province, could well have determined the defendant was in possession of the marijuana in question at a time sufficient to render him guilty of possession only. Such a theory is not available to him where the record shows he could only be found guilty or not guilty of the crime charged.

HENRIOD, C. J., and ELLETT and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring, with added comment):

I concur in the decision as representing the law of this State. However, sparing extended discussion thereon, for what I regard as good and sufficient reasons, it is my view that in most all instances the court should give an instruction on any lesser included offenses when such a conviction would be warranted by any reasonable view of the evidence.

This derives from Section 77-33-6, U.C.A.1953, which provides:

The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense.

And from a number of decisions in which this court has so declared, see e. g. *State v. Johnson,* 112 Utah 130, 185 P.2d 738; *State v. Castillo,* 23 Utah 2d 70, 457 P.2d 618; *State v. Gillian,* 23 Utah 2d 372, 463 P.2d 811; *State v. Cobo,* 90 Utah 89, 60 P.2d 952; *State v. Poe,* 21 Utah 2d 113, 411 P.2d 512.