**The STATE of Utah, Plaintiff and Respondent,**

v.

**Larry BELL, Defendant and Appellant.**

**No. 14357.**

Supreme Court of Utah.

April 13, 1977.

Brian A. White, of Salt Lake Legal Defender Association, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

TIBBS, District Judge:

The defendant seeks reversal of a jury conviction of burglary because the trial court refused to give an oral requested instruction for lesser included offenses of trespass and attempted burglary.

We affirm the conviction.

Two girls were driving south on State Street in Salt Lake City shortly after midnight on May 9, 1975. Near a pawn shop the girls saw appellant. They pulled over and talked to him and then drove away. Later the girls drove back and saw appellant looking in the window of the pawn shop. The girls turned again and proceeded south a second time. They then saw him in front of the pawn shop with something in his hands. One of the windows had been broken and a bag of golf clubs was hanging out through the opening. The girls continued south, turned again, saw a police officer who had answered the burglar alarm at the pawn shop. The officer arrested appellant a short distance away. The girls identified defendant as the person they had previously talked to and observed.

There were no stolen items found in his possession or at his apartment. The girls testified that when they noticed appellant he had a plastic bag with something white in it and appeared to be very drunk. The officer recognized the odor of glue coming from the appellant. Some of the broken window glass had glue on it and a plastic bag was found directly below the broken window. The appellant had several slivers of glass on his right coat sleeve. The owner of the business indicated there was no possibility of knowing if anything was missing from the window.

During the trial the attorney for the defense made oral request for instructions for lesser included offenses of trespass and attempted burglary, which the court refused.

The defense should have made its request in writing in conformity with Rule 51, Utah Rules of Civil Procedure. This court may however in its discretion and in the interest of justice review the giving or failure to give needed instructions.

After a review of the record this conviction is supported by ample evidence and there is no "substantial" or "reasonable" evidence to base the orally requested instruction.[1]

The evidence of breaking of the glass window made it a question for the jury to determine if an entry had been made with an intent to steal. The defendant testified he was not even there, basing his defense on mistaken identity. Consequently, it was either burglary or nothing.

This court in *State v. Dougherty*[2] discussed the situation in which the problem of included offenses is encountered. The trial court should give the instructions for lesser included offenses whenever, by any reasonable view of the evidence, the defendant would be guilty of the lesser included offense. The instructions for included offenses may be properly refused if the prosecution has met its burden of proof on the greater offense and there is no evidence tending to reduce the greater offense.

Whenever this court believes beyond a reasonable doubt that the error in not giving the instruction would not have affected the verdict the case should not be reversed.[3] That is the situation and the conviction is affirmed.

ELLETT, C. J., and CROCKETT, J., concur.

WILKINS, Justice (concurring in result):

I concur with the majority opinion insofar as it affirms the District Court's refusal to instruct on the lesser and included offenses of attempted burglary and criminal trespass. However, I disagree with the majority's reasoning, indicated by the following passage from the opinion, which leads to the conclusion that jury instructions concerning lesser and included offenses should not be given whenever a defendant asserts mistaken identity as a defense to criminal prosecution:

> The defendant testified he was not even there, basing his defense on mistaken identity. *Consequently*, it was either burglary or nothing. [Emphasis added.]

Contrary to the foregoing passage, this Court recently announced the appropriate criteria to be considered in determining whether jury instructions on lesser and included offenses should be given when so requested. In *State v. Dougherty*, Utah, 550 P.2d 175, 177 (1976), the following criteria were succinctly established:

> [I]f there be *any evidence*, however slight, *on any reasonable theory* of the case under which the defendant might be convicted of a lesser [and] included offense, the court must, if requested, give an appropriate instruction. [Emphasis added.]

Accordingly, in determining whether a jury instruction is appropriate, the court must survey the evidence of *any* reasonable theory which tends to reduce the severity of the crime charged, regardless of the accused's plea of mistaken identity.

The District Court properly refused to instruct the jury concerning the lesser offenses of criminal trespass and attempted burglary, not for the reason that the accused's defense was one of mistaken identity, but due to the fact that his conduct, however viewed, could not have possibly resulted in the commission of such lesser offenses. The offense of criminal trespass[1] requires, inter alia, entry of one's entire body upon property. Under the present facts, there was no evidence that the defendant's entire body intruded into the pawn shop. Consequently, there was no evidence upon which the defendant might have been convicted of criminal trespass and the jury instruction regarding such offense was properly refused.

1. *State v. Gillian*, 23 Utah 2d 372, 463 P.2d 811 (1970).

2. *State v. Dougherty*, Utah, 550 P.2d 175 (1976).

3. *State v. Kazda*, Utah, 540 P.2d 949 (1975); *State v. Scandrett*, 24 Utah 2d 202, 468 P.2d 639.

1. Utah Code Ann., Sec. 76–6–206 (Supp.1975).

In considering whether there existed any reasonable theory under which the defendant might have been convicted of attempted burglary, an analysis of several Utah statutes is necessary. Utah Code Ann., Sec. 76–4–101 (Supp.1975) states that a person is guilty of an attempted crime if, acting with the kind of culpability required for the commission of the substantive offense, he makes a "substantial step" toward its commission. Utah Code. Ann., Sec. 76–6–202 (Supp.1975) states that a person is guilty of the substantive offense of burglary when, acting with an intent to commit a felony, assault or theft, he enters a building. "Enter", as pertinent herein, "means intrusion of any part of the body".[2] Attempted burglary therefore occurs when a person, acting with an intent to commit a felony, theft or assault, makes a substantial step towards intruding any part of his body into a building.

The facts now under review indicate that the defendant did not make a "substantial step" toward intruding any part of his body into the pawn shop. Rather, his conduct constituted the "ultimate step" of intruding any part of his body into the pawn shop since the evidence shows that he broke a window and tried to remove a golf bag from a display area. Thus, for the reason that there exists no evidence of any reasonable theory under which the defendant might have been convicted of attempted burglary, jury instructions concerning this offense were properly denied.

MAUGHAN, J., concurs in the views expressed in the concurring opinion of Mr. Justice WILKINS.

HALL, J., does not participate herein.