The STATE of Utah, Plaintiff and Respondent,

v.

Chris Dean BENDER, Defendant and Appellant.

No. 15413.

Supreme Court of Utah.

July 13, 1978.

Christine Fitzgerald, Salt Lake Legal Defenders Association, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant Chris Dean Bender appeals from a jury trial conviction of theft of a coat, a felony of the third degree, in violation of the provisions of U.C.A., 1953, 76–6–403. He asserts the trial court committed reversible error by refusing to instruct the jury on the lesser included offense of attempted theft and the concept of reasonable alternative hypothesis. He further maintains that the evidence at trial was insufficient to support the verdict.

A clerk in the Chalk Garden, a clothing store, observed Bender in one of the store's dressing rooms putting the coat in question in a shopping bag (one from another store, Z. C. M. I.). She alerted the store manager and on returning to the dressing room observed therein a coat hanger of the type used in the store. She also observed Bender stop and look at some pants on his way toward the door. The store manager followed Bender, observed him stop briefly at the check counter and momentarily speak to someone. The manager then accosted him near the door, sought and obtained permission to look in the shopping bag, and found the coat which was identified as store property.

Bender testified at trial, relating that he saw an unknown woman deposit the bag he was carrying in the dressing room, (and without alerting her that she had left it) went over and opened it, pulled the coat out and then put it back in. He then proceeded to the check counter where he tried to inform someone he thought was a clerk, about the coat. Nevertheless, he proceeded toward the door where he was stopped by the manager. He first informed the manager that he had purchased the coat at Z. C. M. I., then recanted and said he intended to buy the coat.

In regard to the first assignment of error, that of failure to instruct the jury as to a lesser included offense, the obligation of the trial court to give such an instruction is governed by U.C.A., 1953, 76–1–402(4) which

The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

The foregoing provision is a codification of prior existing case law dating back to 1889.[1] Many cases have since ensued, all of which tend toward the exclusion of a lesser included offense instruction when there is no evidence presented as would reduce the offense to a lesser grade.[2]

Bender's contention that the facts of this case present a rational basis for the giving of such an instruction is not well-taken. No evidence was presented that would reduce the charge of theft to *attempted* theft. The question presented to the jury was simply that of Bender's guilt or innocence of theft. Had the jury believed his explanation of the event they would have acquitted him. Obviously, they

1. *People v. Robinson,* 6 Utah 101, 21 P. 403.

2. See the following recently decided cases in accord: *State v. Pierre,* Utah, 572 P.2d 1338 (1977); *State v. Bell,* Utah, 563 P.2d 186 (1977); and *State v. Dougherty,* Utah, 550 P.2d 175 (1976).

did not and he was convicted. Certainly there was no *middle* ground of *attempted* theft. The fact that the coat was not removed from the premises is not determinative of the issue. On the contrary, when one has the intent to steal, the theft is completed at the time of asportation, which in this instance occurred at the time the coat was removed from the place it was found.

■ Bender's second assignment of error, that the court erred in not instructing the jury on reasonable alternative hypothesis, is also without merit. It has long been the law in this jurisdiction that the giving of such an instruction is neither appropriate nor required unless the proof of a material issue is based *solely* upon circumstantial evidence.[3]

■ The facts of this case, as they pertain to all material issues, were presented by *direct* evidence related by eye witnesses who depicted a clear case of theft.

■ Bender's final assignment of error which goes to the sufficiency of the evidence is also without merit when viewed in light of the long-established standard of this Court which was recently reiterated in *State v. Romero*[4] as follows:

This court has set the standard for determining sufficiency of evidence to require that it be so inconclusive or so inherently improbable that reasonable minds could not reasonably believe defendant had committed a crime. Unless there is a clear showing of lack of evidence, the jury verdict will be upheld.

The facts of this case clearly fall within the standard hereinabove set forth and we shall not disturb the jury verdict.

Affirmed.

ELLETT, C. J., concurs.

MAUGHAN, J., concurs in the main opinion and also concurs in the concurring opinion of CROCKETT, J.

WILKINS, J., concurs in result.

CROCKETT, Justice (concurring with comments):

In view of the statute referred to and prior decisions of this Court, the main opinion is justified because it does not appear that any injustice has been done. However, my concern about this subject impels me to again state (as I have on other occasions, apparently without too much effect on our trial judges) that I think that in most all instances the court should give a requested instruction on any lesser offense which is necessarily included in a greater offense charged. See e. g. concurrence in *State v. Dougherty*, Utah, 550 P.2d 175.

Inasmuch as it is within the prerogative of the jury to find the defendant guilty of the greater offense, or not guilty entirely, it seems to me quite logical that the jury should also have the prerogative of finding any intermediate offense between those two extremes, and thus of finding him guilty of any offense necessarily included in the greater offense.

That idea finds support in the express provision of U.C.A.1953, 77–33–6:

Crimes included in charge—Attempts.— *The jury may find the defendant guilty of any offense* the commission of which is necessarily *included in that* with which he is *charged* in the indictment or information, *or of an attempt* to commit the offense. [Emphasis added].

Depending on the particular fact situations, this Court has in numerous cases reversed for failure to give instructions on included offenses. See e. g., *State v. Hyams*, 64 Utah 285, 230 P. 349; *State v. Cobo*, 90 Utah 89, 60 P.2d 952; *State v. Barkas*, 91 Utah 574, 65 P.2d 1130; *State v. Close*, 28 Utah 2d 144, 499 P.2d 287.

I state as above in awareness of the provision of Sec. 76–1–402(4) that "the court *shall not be obligated* to charge the jury with respect to an included offense . ."

---

3. *State v. Fort*, Utah, 572 P.2d 1387 (1977), citing *State v. Garcia*, 11 Utah 2d 67, 335 P.2d 57 (1960).

4. Utah, 554 P.2d 216, 219 (1976). See also numerous other cases cited therein which apply the same standard.

(Emphasis added). The fact that the court is not obligated to give instructions as to included offenses does not mean that the court could not, in its discretion, so instruct.