STATE of Utah, Plaintiff and
Respondent,

v.

Kenneth J. GANDEE, Defendant
and Appellant.

No. 15635.

Supreme Court of Utah.

Nov. 3, 1978.

Ronald W. Perkins, Ogden, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, Craig L. Barlow, Asst. Attys. Gen., Salt Lake City, Robert L. Newey, Weber County Atty., Ogden, for plaintiff and respondent.

CROCKETT, Justice:

Defendant seeks reversal of his conviction by a jury of the crime of carrying a concealed dangerous weapon in violation of Sec. 76–10–504, U.C.A., 1953, a third degree felony. His grounds of attack are: (1) In-

sufficiency of the evidence, and (2), failure to instruct on what he claims is an included offense of carrying a loaded firearm which is proscribed by the succeeding Section, 76–10–505.

On the evening of September 29, 1975, Officer Corey Bott of the South Ogden Police responded to a call that there was violence at the residence, 5415 South 800 East. As the officer approached the place, he heard four gunshots in rapid succession. He parked his car behind a truck-camper and called for backup assistance. He observed the defendant come quickly down the driveway and get into the cab of the camper. The officer shined his hand spotlight into the truck's rearview mirror. When defendant saw this, he started the truck and attempted to move away. But by using his siren and warning lights, and by driving his car in front of the truck, the officer managed to compel defendant to stop.

The officer approached the truck with his gun drawn and ordered the defendant to get out of the truck.

To this, the defendant stated: "Shoot away, pig."

When the officer asked the defendant where the gun was, defendant lifted his shirt, which enabled the officer to see the handle of what proved to be a .22 caliber pistol. According to the officer, there was a brief altercation and the defendant released his gun. It holds nine shells, six had been fired, and there were three live rounds in it.

■ Defendant's first contention, that the evidence was not sufficient to justify the verdict of guilty of carrying a concealed weapon, is sufficiently disposed of by these observations: that where the evidence is in dispute, we are obliged to assume on appeal that the jury believed those aspects of the evidence which support their verdict;[1] and that, in doing so, there is a reasonable basis therein upon which the jury could believe

---

1. See *State v. Seymour*, 18 Utah 2d 153, 417 P.2d 655 (1966); *Titus v. State*, Okl.Cr., 351 P.2d 1021.

that the defendant committed that offense as charged.

■ In addressing the defendant's contention that error was committed in failing to submit the case to the jury on what he claims is the lesser and included offense of carrying a loaded firearm, as prohibited by Sec. 76–10–505, U.C.A., 1953, it is appropriate to first look at our statute Sec. 77–33–6, which states:

The jury may find the defendant guilty of any offense the commission of which is *necessarily* included in that with which he is charged in the indictment or information, or of an attempt to commit the offense.

As this Court has previously pointed out, the greater offense includes a lesser one when the proof of the greater offense would necessarily include proof of all of the elements necessary to prove the lesser offense. But when the proof of what is claimed to be a lesser offense requires some element not necessarily involved in the greater offense, then the claimed lesser offense would not necessarily be an offense included in the greater one.[2]

Section 504, supra, under which the defendant was convicted reads:

Any person, except those persons described in Section 76–10–503, *carrying a concealed dangerous weapon* as defined in this part is guilty of a class B misdemeanor, and if the dangerous weapon is a firearm, or sawed-off shotgun he shall be guilty of a felony of the third degree.

Section 505, supra, which the defendant argues defines a lesser included offense reads:

Every person who *carries a loaded firearm* in a vehicle or on any public street in an incorporated city or in a prohibited area of an unincorporated territory within this state is guilty of a class B misdemeanor.

[All emphasis herein added.]

■ In comparing those two sections of the statute, it will be seen that there is a significant difference between them; and that they therefore do not present the usual situation of a major crime with lesser degrees included therein, such as homicide, with the various lesser degrees thereof, or grand larceny, wherein if the property is not of sufficient value, the included offense of petit larceny may be found. The essential of Section 504 is to prohibit the secretiveness in "carrying a *concealed dangerous* weapon." This could be any kind of a dangerous weapon such as a knife, or a gun, or a bomb, or any type of a dangerous or explosive instrumentality.

■ On the other hand, the prohibition of Section 505 is directed specifically toward the carrying of a "loaded firearm" in just three specified places, towit: in any vehicle, or in any public street in any incorporated city, or in any expressly prohibited area of an unincorporated territory. Under Section 504, a person could be charged with carrying a "concealed weapon," which might be the knife, bomb, or explosive device, but if the proof of the element of concealment failed, he would not be guilty of a violation of Section 505 because it would not be a "loaded firearm" as prohibited in that section.

Related to the foregoing, there is a further difficulty with defendant's claim that there should have been an instruction on Section 505 as a lesser included offense. The defense he asserted in his own testimony was that the gun was not loaded. It is thus plainly apparent from his own position that there is an element in the offense of violating Section 505, i. e., that the firearm must be loaded, which is not required to prove a violation of Section 504.

■ The purpose of the foregoing observations is to point out that these two statutes are not parallel and to show that there was some justification for the concern of court and counsel as to whether it would be appropriate to instruct on the claimed included offense under Section 505.

2. See *State v. Woolman*, 84 Utah 23, 33 P.2d 640 (1934); *State v. Brennan*, 13 Utah 2d 195, 371 P.2d 27 (1962).

Far more important are the following facts: that a discussion in chambers between the court and counsel plainly indicates that plaintiff's then counsel, Mr. Gary Gale, was aware of the problem and voiced no disagreement with the court's reservation concerning the included offense. To the contrary, in response to the suggestion of the possibility that instruction on both offenses could be given to the jury, defense counsel expressly stated that he rejected that suggestion. It is significant that notwithstanding that discussion indicating defense counsel's full awareness of the problems involved, he chose not to submit a request for such an instruction; and further, that after the instructions were given and exceptions taken to other instructions, when the court asked counsel if there was any further objection to the instructions as given by the court, defendant's counsel answered, "none."

■ Consistent with our conclusion herein, it is plainly apparent that his counsel thought the defendant's best chance of acquittal was his claim of non-concealment of the pistol, both because of the foregoing, and because that was the position taken for the defendant both in the evidence presented and his argument. The fair and proper holding in such circumstances is that if the defendant chooses to go to the jury on the greater offense, he cannot wait until after he is convicted thereon and then complain about failure to submit a lesser offense.[3]

■ Finally, and what should be the controlling proposition here, is that the question as to the giving of a written instruction on an included offense was not raised nor in any manner presented to the lower court for its action thereon after the discussion in chambers. The invariably accepted rule of appellate review is that no issue will

be considered by the appellate court unless it was properly raised in the lower court in order to give the parties and the court notice and fair opportunity to meet, consider and pass upon that issue.[4]

Affirmed. No costs awarded.

ELLETT, C. J., and HALL, J., concur.

MAUGHAN, Justice (dissenting):

In my view, the main opinion does violence to the well-established Utah law concerning lesser included offenses. It induces confusion where harmony, consistency, and predictability could be maintained.

The defendant was convicted in a jury trial of carrying a concealed weapon in violation of 76–10–504, Utah Code Annotated, 1953, a third-degree felony under the following abstracted circumstances. We should reverse and remand for a new trial. All statutory references are to U.C.A., 1953.

A police officer heard four shots, saw defendant come out of a house and enter a truck. The officer followed and stopped him. Gandee was wearing a shirt not tucked into his trousers, and was asked where the gun was, after which he raised his shirt and produced a .22 caliber pistol that he said was on the car seat, the officer saying that although he was not sure where it came from, "it was concealed at the time or why would he have lifted his shirt to take it out, and that is when it became visible." Gandee's wife testified he was carrying the gun when he left the house.

In chambers, before the case was given to the jury, Gandee's counsel requested an instruction as to 76–10–505 being an "included offense,—that of 'carrying a gun in a vehicle, or on a public street, in a city,'" which is a misdemeanor. The request was

---

**3.** *State v. Mitchell*, 3 Utah 2d 70, 278 P.2d 618; *State v. Valdez*, 19 Utah 2d 426, 432 P.2d 53 and authorities cited therein.

**4.** *Hamilton v. Salt Lake County, etc.*, 15 Utah 2d 216, 390 P.2d 235. It is of curious interest that the dissent cites *State v. Bell*, Utah, 563 P.2d 186, in support of its contentions. It is true that that decision does mention that, in exceptional cases, the court might review the

failure to give an instruction on an included offense where that would be necessary to avoid serious injustice. But the actual holding of the *Bell* case was that it was not error to refuse to give orally requested instructions for lesser included offenses because, as is true here, there had been no request therefor in writing as required by Rule 51, U.R.C.P.

refused, the court taking the position the two statutes represented separate offenses, for both of which defendant could be convicted.

As to Gandee's failure to except to a failure to instruct as to an included offense, the State, in *its* brief (not Gandee's) stated *the circumstances* which should compel the application of our decision in *State v. Bell*, 563 P.2d 186 (Utah 1977),—a unanimous decision. They are:

> After the defense and the state rested, proceedings were held in chambers to discuss the jury instructions (Tr. 120–127). It was the opinion of the trial judge that Utah Code Ann. § 76–10–505 (1973), as amended, *carrying loaded firearm in vehicle or on street,* was not a lesser included offense of Utah Code Ann. § 76–10–504 (1973), as amended, *carrying concealed dangerous weapon* (Tr. 120). Counsel for appellant requested that an instruction on the ground of Section 76–10–505 be given (Tr. 121). However, after the trial judge noted that in his opinion appellant could be found guilty under both Section 76–10–504 and Section 76–10–505 (Tr. 121), *counsel for appellant stated that he would not submit his client to a double offense* (Tr. 121). After several changes were made to the jury instructions, counsel for appellant stated, "No further exceptions" (Tr. 127). Moreover, when the court inquired of counsel whether there were further exceptions after the jury had retired to deliberate, counsel for appellant replied that there were none (Tr. 128).

The case of *State v. Mitchell*, cited by the majority opinion is not pertinent because there counsel for defendant did not ask for an included offense instruction, but simply took the gamble on a murder # 1 acquittal, and raised the failure to instruct for the first time on appeal,—which was *invited error,* not like this case.

The main opinion makes an egregious mis-statement of the facts and the law when it opines:

Finally, and what should be the controlling proposition here, is that the question as to giving of a written instruction on an included offense was not raised nor in any manner presented to the lower court for its action thereon after the discussion in chambers. The invariably accepted rule of appellate review is that no issue will be considered by the appellate court unless it was properly raised in the lower court . . . . .

First, the issue of the included offense was presented to the lower court, as described, *supra.*

Second, it is not the invariably accepted rule of appellate review "that no issue will be considered by the appellate court unless it was properly raised in the lower court . . . ." Our Rule 51 (U.R.C.P.) after requiring the proper methods for requesting, providing, and objecting to instructions, says:

> Notwithstanding the foregoing requirement, the appellate court, . . . may review the giving or failure to give an instruction.

*State v. Bell* supports this view, as does Rule 51.

It is of interest to read the author of the main opinion writing for the court in *State v. Close* : [1]

> This court in a number of decisions has affirmed the rule above stated requiring the submission of lesser included offenses when the evidence and circumstances so justify, and has gone further in indicating that *even in the absence of an appropriate objection,* if it is clear that the interests of justice so require, the court should instruct on included offenses. [*State v. Cobo*, 90 Utah 89, 60 P.2d 952; *State v. Poe*, 21 Utah 2d 113, 441 P.2d 512 (1968); see also Rule 51, U.R.C.P.] [Emphasis supplied.]

Turning now to the lesser included offense issue, let us examine the pertinent statutes. They are:

> 76–10–504. Carrying concealed dangerous weapon.—Any person, except

1. 28 Utah 2d 144, 146, 499 P.2d 287, 288 (1972).

those persons described in section 76–10–503, carrying a concealed dangerous weapon as defined in this part is guilty of a class B misdemeanor, and if the dangerous weapon is a firearm, or sawed-off shotgun he shall be guilty of a felony of the third degree.

76–10–505. Carrying loaded firearm in vehicle or on street.—Every person who carries a loaded firearm in a vehicle or on any public street in an incorporated city or in a prohibited area of an unincorporated territory within this state is guilty of a class B misdemeanor.

Generally in criminal statutes the more serious offense precedes an included offense, which follows in the next section, as is the case here. Also such lesser offense usually is an included offense, such as "Grand Larceny" followed by "Petit Larceny," "Burglary" and "Second Degree Burglary," and the like.

We must also bear in mind the provisions of 76–1–402. This provision is new to our practice in that it provides definition to the question of lesser included offenses. By examining it, I think it clear, the controlling item of proof as it relates to firearms is "concealment."

(3) A defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

\*　　\*　　\*　　\*　　\*　　\*

Looking now to 504 and 505, both require (1) "*carrying*" and (2) "*dangerous weapon*" (*loaded firearm* is synonymous with "dangerous weapon"). In 505 "*carrying*" (3) in a "vehicle" or "on a street" in a "city" are the situs points for commission of the offense—all of which of necessity are included in "anywhere" as must be construed to be the situs in 504, where situs was not mentioned. It follows that the only element lacking in 505 that is in 504 is "*concealment.*" This very absence of "concealment" in 505 is the very reason 505 is an included offense, and which leaves (1), (2) and (3) above, as being obviously "necessarily" included in 504, being necessary to commit 504 *except* for "concealment." It is just as obvious that this being so, the provisions of Sec. 77–33–6, quoted in the majority opinion are satisfied as to the offense (505) since the commission of 505 is *necessarily* included in 504.

The majority opinion's only justification for rejecting 505 as an included offense is that "504 is to prohibit and punish the secretiveness" (?) in "carrying a *concealed dangerous weapon*," while 505 deals with "just three specified places, to-wit in a *vehicle* or on any *public street, in . . . a city.*" It is obvious the majority opinion attributes the difference in situs as the basis for exclusion as an included offense, although at first blush it might appear that lack of "concealment" is the basis for the decision.

It doesn't make any difference which basis is entertained because:

1. If it is the missing "concealment" element, its absence in 504 is the basis for treating 505 as an included offense because it has all the other elements found in 504.

2. If it is based on situs and the words "vehicle," and "street" that have to be in an incorporated city under 505, all three are obviously within the situs in 504 which is "everywhere." The analogy of the offense being in a building is no analogy at all and is in no way germane here. It would be germane if anyone attempted to convict one with carrying a cannon in a *building,* under section (505) that requires it to be in a "vehicle" or on a "street," it is obvious no conviction could be had under 505 but it could be had under 504 which is "everywhere."

It must be conceded this Court, in the interest of justice, may review the giving or failure to give an instruction where no exception was made.[2] There was an injustice

---

**2.** *State v. Bell*, 563 P.2d 186 (Utah, 1977).

encountered in the trial judge's chambers, because of the inaccuracy of his advice, viz., that statute, which was the subject of the requested instruction, did not reflect an offense included in the one charged.

Again it is interesting to note the author of the main opinion had the following to say, in *State v. Dougherty* : [3]

. . . it is *my view* that in most all instances the court should give an instruction on any lesser included offenses when such a conviction would be warranted by any reasonable view of the evidence. . . .

I submit a reasonable view of the evidence mandates the giving of a lesser and included instruction.

This case seems to call for an instruction on included offense, as much or more so than: *State v. Vance*, 39 Utah 602, 119 P. 309 (murder by poison). *State v. Winslow*, 30 Utah 403, 85 P. 433 (attempt included). *State v. Barkas*, 91 Utah 574, 65 P.2d 1130 (assault to do bodily harm,—included simple assault). *State v. Hunter*, 20 Utah 2d 284, 437 P.2d 208 (simple assault included in assault with deadly weapon). *State v. Law-*

*rence*, 120 Utah 323, 234 P.2d 600 (petty larceny included in grand larceny). *State v. Hutchinson*, 4 Utah 2d 404, 295 P.2d 345 (second degree perjury included in first degree). *State v. Little*, 19 Utah 2d 53, 426 P.2d 4 (petty in grand larceny). *State v. Olsen*, 76 Utah 181, 289 P. 92 (false imprisonment, a misdemeanor, in kidnapping, a felony). *State v. Durfee*, 77 Utah 1, 290 P. 962 (possession of liquor in "persistent" violation). *State v. Smith*, 90 Utah 482, 62 P.2d 1110 (assault with intent to rape included in rape). *State v. Donovan*, 77 Utah 343, 294 P. 1108 (grand larceny included in robbery).

WILKINS, J., concurs in the views expressed in the dissenting opinion of MAUGHAN, J.

---

3. Utah, 550 P.2d 175, 177 (1976).