456 P.2d 170

### The STATE of Utah, Plaintiff and Respondent,

**v.**

### Raymond STROHM, Defendant and Appellant.

No. 11166.

Supreme Court of Utah.

June 30, 1969.

David M. Bown, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Don R. Strong, Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a burglary and larceny conviction. Reversed and remanded for a new trial.

After voir dire it appeared that there was a question about Miranda at a confes-

sion session and particularly anent voluntariness thereof. In front of the jury the trial court announced quite audibly, that the question of the confession, itself questionable, was a "question for the jury." The propriety of this pronouncement is the question before this court.

■■ Without question, this court has gone on record to the effect that voluntariness of a "confession" primarily is not a jury question, but one for the judge. Mr. Chief Justice McDonough, in State v. Ashdown, 5 Utah 2d 59, 296 P.2d 726 (1956), quoting Mr. Justice Wade in State v. Crank, 105 Utah 322, at page 373, 142 P.2d 178, at page 196, under Syllabi (9) and (10), 170 A.L.R. 542, sets forth the rule, beginning with the words, "We agree with the rule approved in those cases * * *." etc., to which language the reader is referred, as well as to the authorities cited in the Ashdown case. These referrals seem to reflect the principle that is dispositive here, and we so hold.

CALLISTER and TUCKETT, JJ., concur.

CROCKETT, C. J., concurs in the result.

ELLETT, Justice (concurring in part, dissenting in part).

I dissent from reversing this case but concur in the order remanding it.

Apparently the court below thought the confession was admissible in evidence because he permitted it to go to the jury for consideration. The language he used in doing so casts some doubt which looms larger in the minds of my associates than it does in my own. In admitting the confession the trial judge said:

As to whether or not what he said was voluntary, is a question for the Jury. Under the circumstances that this has developed here—whether voluntary or coerced will be a matter for the Jury to determine.

The testimony regarding the circumstances surround the confession was elicited by defendant's counsel and in the presence of the jury. If the judge had thought the confession was not voluntarily given, he certainly would have excluded it. Had he thought it was voluntarily given, as apparently he did, then he was being overly favorable to the defendant by instructing the jurors not only could they determine the weight to be given to the confession, but that they must ignore it entirely if in their opinion it was not voluntarily given.

The defendant now complains because the judge did not withhold from the jury the right to reject the confession if they thought it was not voluntarily given. He now says that the judge should have ruled that it was voluntary and thus allowed the jury the right only to consider it as to its truthfulness. I do not see any harm in

giving the defendant two avenues of escape instead of one.

The defendant relies upon the case of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). That case came up on a writ of habeas corpus. At trial the state court left to the jury the determination of the voluntariness of the confession. In remanding the case to the state court, the United States Supreme Court said:

> * * * Jackson's trial did not comport with constitutional standards and he is entitled to a determination of the voluntariness of his confession in the state courts in accordance with valid state procedures; the State is also entitled to make this determination before this Court considers the case on direct review or a petition for habeas corpus is filed in a Federal District Court. * * *

It is New York, therefore, not the federal habeas corpus court, which should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled—an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession. It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence. Jackson's position before the District Court, and here, is that the issue of his confession should not have been decided by the convicting jury but should have been determined in a proceeding separate and apart from the body trying guilt or innocence. So far we agree and hold that he is now entitled to such a hearing in the state court. But if at the conclusion of such an evidentiary hearing in the state court on the coercion isssue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. True, the jury in the first trial was permitted to deal with the issue of voluntariness and we do not know whether the conviction rested upon the confession; but if it did, there is no constitutional prejudice to Jackson from the New York procedure if the confession is now properly found to be voluntary and therefore admissible. If the jury relied upon it, it was entitled to do so. Of course, if the state court, at an evidentiary hearing, redetermines the facts and decides that Jackson's confession was involuntary,

**40**

there must be a new trial on guilt or innocence without the confession's being admitted in evidence.

\* \* \* It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence. But as to Jackson, who has already been convicted and now seeks collateral relief, we cannot say that the Constitution requires a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at the trial is fairly determined to be voluntary. \* \* \*

I agree that under the rule laid down in Jackson v. Denno, supra, it would have been more practical and desirable if the trial judge had timely made his ruling on the question of voluntariness of the confession. However, I can see no reason at this time to reverse this case, and I would, therefore, out of deference to the Denno case simply remand it to the trial judge for him to make a determination without a jury based upon the evidence given at the trial and upon such other evidence as either party wishes to present as to the voluntariness of the confession. If he now finds it to be voluntarily given, then we should affirm the judgment. If he finds it to be involuntary, then I would join my brethren in ordering a new trial.