505 P.2d 302

**STATE of Utah, Plaintiff and Respondent,**

v.

**Michael Lloyd ALLEN, Defendant and Appellant.**

**No. 13054.**

Supreme Court of Utah.

Jan. 12, 1973.

---

1. 19 Am.Jur.2d, Corporations § 713.

2. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961); De Vas v. Noble, 13 Utah 2d 133, 369 P.2d 290 (1962).

Salt Lake Legal Defenders, Bruce C. Lubeck, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant appeals from his conviction by a jury of the crime of robbery; he was sentenced to the Utah State Prison for an indeterminate term as provided by law. The issues raised on appeal are concerned solely with defendant's confession.

Prior to trial defendant filed a motion to suppress his confession; upon an evidentiary hearing the trial court ruled the confession was given voluntarily and was therefore admissible in evidence. Defendant contends that the trial court erred in so ruling.

Defendant claims that certain promises or inducements were proffered by the police which rendered his confession involuntary. Defendant had escaped from a penal institution in Georgia after serving only eight months of a ten year sentence. During the course of his conversation with the police he inquired whether he would be sent back to Georgia, the officer responded that the decision to prosecute was that of the District Attorney. Defendant contends that the officer's reply created an inference that if defendant would confess some benefit would be conferred upon him.

At the conclusion of the evidentiary hearing the trial court stated that defendant's hopes of not being prosecuted here and being returned to Georgia were under the evidence impressions conjured up by the mind of defendant. The court ruled that from the evidence the confession was voluntary and defendant's motion was denied.

■ This court will not disturb the finding of the trial court that a confession was voluntarily made in the absence of a showing of an abuse of discretion, where there is substantial evidence upon which the trial court could reasonably so find.[1] A review of the instant record reveals that there was substantial evidence upon which the trial court could reasonably find the defendant's confession was not obtained by any improper inducement.

■ Defendant further contends that the trial court committed prejudicial error by refusing his requested instruction number 1. The relevant portions provided:

You are instructed that before you can give any weight or credence whatever to the confession introduced in this case, you must find that the confession was given by the defendant and that it was given freely and voluntarily. If you find that the confession was involuntary, you are instructed that the confession is entitled to no weight, and you should wholly disregard it as evidence.

You are the exclusive judges of the facts of this case. Thus, you are the judges of whether or not the confession in this case was voluntarily given and whether or not it is true.

In State v. Strohm [2] this court stated that the voluntariness of a confession is primarily not a jury question, but one for the judge.

1. State v. Ashdown, 5 Utah 2d 59, 62, 296 P.2d 726 (1956), affirmed 357 U.S. 426, 78 S.Ct. 1354, 2 L.Ed.2d 1443 (1958).

2. 23 Utah 2d 37, 38, 456 P.2d 170 (1969).

There are two rules concerning the function of the jury in determining the voluntariness of a confession, which under Jackson v. Denno [3] are constitutionally permissible; they are cited in Appendix A to the opinion of Mr. Justice Black. Under the "Wigmore" or "Orthodox" Rule, the judge hears all of the evidence and then rules on voluntariness for the purpose of admissibility of the confession; the jury then considers voluntariness as affecting the weight or credibility of the confession. Under the "Massachusetts" or "Humane" Rule, the judge hears all the evidence and rules on voluntariness before allowing the confession into evidence; if he finds the confession voluntary, the jury is then instructed that it must also find that the confession was voluntary before it may consider it.[4]

■ In the instant case, defendant's requested instruction followed the "Massachusetts" rule that the jury may reject the confession in its entirety if it determines that it was made involuntarily.

Since this jurisdiction has long adhered to the "Orthodox" rule,[5] the trial court properly refused defendant's request. In State v. Ashdown [6] this court explained that a confession is not admissible in evidence, unless it was made voluntarily, but this question must be determined by the court from all of the evidence produced by both sides bearing on this issue. If the court thereafter determines from the evidence that the confession was voluntary, it admits the confession in evidence to the jury, together with all of the evidence on the question of whether it was voluntary including the surrounding circumstances at the time it was made. The jury must determine the weight and credibility to be given to such evidence, but the jury may not determine its competency as evidence, which is strictly a question for the court.

The judgment of the trial court is affirmed.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

3. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205.

4. See III Wigmore on Evidence (Chadbourne Rev.) § 861, p. 593.

5. State v. Strohm, Note 2, supra; State v. Ashdown, note 1, supra; State v. Braasch, 119 Utah 450, 229 P.2d 289 (1951); State v. Crank, 105 Utah 332, 142 P.2d 178, 170 A.L.R. 542 (1943).

6. Note 1, supra.