562 P.2d 1070

STATE of Arizona, Appellee,

v.

Danny Lee KELLER, Appellant.

No. 3638.

Supreme Court of Arizona,
In Banc.

March 21, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant, Danny Lee Keller, was charged with second-degree burglary and grand theft. As part of a plea agreement the state dismissed the grand theft count and the defendant agreed to submit the case to the trial court based on the preliminary hearing transcript. He was found guilty of second-degree burglary and placed on probation for two years. A timely notice of appeal was filed, and we took jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

On the afternoon of April 23, 1975, a next-door neighbor saw the defendant wiping off the back doorknob with a cloth as he was leaving the victim's house. When he got into a car and drove off, she copied the license number.

The police were called, and they contacted the victim, Patricia Sue Watkins. After going through the house, she informed them that her new color TV was missing.

The police had run a check on the license number given them by the witness. The check yielded the names of the couple who owned the car and that of a man who had recently received a traffic citation while driving it. Mrs. Watkins recognized the man's name as that of a friend of her ex-boyfriend who had been in the house two or three times before.

At the suggestion of the police, she called the defendant to see if she could get him to return the TV. At first he denied having the set, but, when she said the neighbors had seen him take it, he admitted knowing where it was. She told him that if he didn't bring it back she would notify the police.

The defendant agreed to return the set. When he arrived, about half an hour later, the police arrested him. The defendant was advised of his constitutional rights and subsequently confessed.

In this appeal, the defendant raises three questions for our consideration:

I. Did the trial court err in refusing to suppress the defendant's statements to the victim and all subsequent evidence?

II. Was the defendant's motion to dismiss properly denied?

III. Did the trial court abuse its discretion by granting the state's motion to continue?

I.

The defendant contends that his telephone conversation with Patricia Watkins was an involuntary confession and that his subsequent return with the television set and confession to the police should have been suppressed as "the fruit of the poisonous tree." See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). He argues that he was tricked by Mrs. Watkins. He further maintains that because a police officer suggested that she call the defendant in an attempt to recover her property, that she was a police agent. We disagree.

We will not disturb the trial court's determination that a confession was voluntary unless there is a clear and manifest error.

*State v. Taylor*, 112 Ariz. 68, 537 P.2d 938 (1975), cert. den. 424 U.S. 921, 96 S.Ct. 1127, 47 L.Ed.2d 328 (1976). The trial court did not err in determining that the defendant's confession to Patricia Watkins was voluntary.

Assuming, *arguendo*, that Mrs. Watkins was a police agent, the defendant was not entitled to the warnings provided for in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The United States Supreme Court has made it clear that *Miranda* applies only to "questioning initiated by law enforcement officers *after* a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at 706. (Emphasis supplied.) Here, the defendant had not been deprived of his freedom of action. He was not in custody. The conversation between the defendant and the victim was by telephone.

We are satisfied that the demands of the victim for the return of her property, including the threat to call the police, did not exert upon the defendant such pressure as to render his statements to her involuntary. See *State v. Christopher*, 10 Ariz.App. 169, 457 P.2d 356 (1969). We find no error in the trial court's finding that the statements were voluntary. Any subsequent evidence was not tainted because the statements of the defendant were voluntary.

II.

The defendant next contends that his motion to dismiss was improperly denied. He argues that the state should have been bound by Patricia Watkins' "promise" not to prosecute if her television set was returned. In support of this he cites *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

We find the defendant's reliance on *Santobello* to be wholly misplaced. In *Santobello*, the United States Supreme Court held that a state was bound by the plea agreement made by its attorney during a criminal prosecution. In that case the defendant was misled by the promise of one

authorized to act for the state. Here, the defendant could be under no illusion that Mrs. Watkins was authorized to act for the state. Even if her threat to call the police if the TV was not returned could be construed as a promise not to prosecute, it was clearly a personal representation by Mrs. Watkins and not binding on the state. Therefore the defendant cannot claim that he was prejudiced because the state's authorized representatives chose to arrest and prosecute him for his crime.

### III.

The defendant's final contention is that the trial court erred by granting the state's motion to continue. When the state was unable to effect personal service or otherwise contact the victim, it moved for and was granted a continuance under Rule 8.5(b), Rules of Criminal Procedure, 17 A.R.S. The defendant was not prejudiced because his trial took place within the time limits prescribed by Rule 8.2, Rules of Criminal Procedure, 17 A.R.S. Therefore the trial court did not abuse its discretion by granting the complained of continuance. *State v. Barnett*, 112 Ariz. 210, 540 P.2d 682 (1975).

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.