**STATE of Utah, Plaintiff and Respondent,**

v.

**James I. WATTS, Defendant and Appellant.**

**No. 17206.**

Supreme Court of Utah.

Dec. 9, 1981.

Phil L. Hansen, Steven L. Hansen, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Curtis J. Drake, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

Defendant was convicted of theft in violation of U.C.A., 1953, § 76–6–404. The issues on this appeal are (1) the voluntariness of defendant's confession, (2) the appropriateness of questions asked in cross-examination of defendant's character witness, and (3) the sufficiency of evidence of guilt. We affirm.

On November 28, 1979, defendant purchased an imitation diamond from the ZCMI store in the Valley Fair Mall. He then went to the Schubach's Jewelry Store in the mall and asked the store manager, with whom he was personally acquainted, if he could see two diamonds. The diamonds were locked in a set of tweezers. Defendant polished one of the diamonds while holding the tweezers near his lap. He asked the manager for the price of the diamond, and the manager turned aside to calculate the amount. When the manager turned back to face the defendant, he saw

defendant attempt to set the tweezers down on the counter. Before the tweezers could be set down, a stone fell from the tweezers, landing on the diamond paper on the counter. The manager noticed that the stone on the paper appeared to be an imitation, a fact later confirmed by tests.

The store manager accused the defendant of switching the stones, and then made two or three statements to the effect that if defendant would return the stone, he would "forget the whole thing." The defendant repeatedly denied having made a switch. The ZCMI sales clerk who had sold defendant the imitation diamond was contacted, and came to Schubach's. When she identified defendant as a purchaser of the imitation, the store manager said, "It is out of my hands now, I will have to call the police." Defendant then leaned over, poked about in the carpet, recovered the diamond from under his foot, and put it on the counter. Defendant stated that he had switched the stone, and said that he was sorry. The store manager called the police and defendant  as subsequently arrested.

■ Defendant's principal argument on appeal is that the testimony describing his confession to the manager (that he had switched the stone) was wrongfully admitted into evidence. In order for a confession to be admissible, it must be made freely and voluntarily; it must not be extracted by threats or violence or obtained by improper influence or promises. *Haynes v. Washington*, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); *Brown v. Mississippi*, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936); *State v. Crank*, 105 Utah 332, 142 P.2d 178 (1943). In accordance with the rule laid down by this Court in *State v. Crank, supra*, the trial court held a hearing to determine the voluntariness of defendant's confession. The court's finding of voluntariness will not be disturbed unless it is shown to be an abuse of discretion. *State v. Allen*, 29 Utah 2d 88, 505 P.2d 302 (1973).

■ Defendant argues that the store manager was a "person in authority," whose promise to "forget the incident" if defendant would return the stone induced defendant to confess and therefore rendered his confession inadmissible. Contrary to defendant's argument, the Retail Theft Act, U.C.A., 1953, § 76–6–601, *et seq.*, which gives a merchant the right to "detain" persons suspected of retail theft, lends no support to this argument, because defendant was not detained within the meaning of that act.

■ Even assuming that the store manager was a person in authority, we do not overturn the trial court's finding that the confession was admissible. Viewing this incident under the totality of the circumstances, as is appropriate, *State v. Hunt*, Utah, 607 P.2d 297 (1980); *Stobaugh v. State*, Alaska, 614 P.2d 767, 771–72 (1980), it appears that defendant's confession was not made under such inducements as to render it involuntary and inadmissible. *United States v. Ferrara*, 377 F.2d 16 (2d Cir. 1967); *State v. Keller*, 114 Ariz. 572, 562 P.2d 1070 (1977). The trial court apparently concluded that defendant's confession was not made in reliance on any offer of "forgetting," since that offer had been withdrawn when the store manager stated that he would have to call the police. This happened before defendant confessed to the switch. Finding that the court's ruling was supported by substantial evidence in the record, we conclude that there was no abuse of discretion in allowing testimony of defendant's confession.

■ Defendant also contends that it was reversible error for the trial court to allow the prosecution to make allusions to other misdeeds of defendant not involved in this prosecution. The alleged error took place during the cross-examination of defendant's reputation witness when the prosecution used an "are you familiar with" question in an attempt to test the witness's knowledge of the defendant's reputation as a truthful person by finding if the witness had heard about any problem between the defendant

and Murray City.[1] Admission of this type of evidence is governed by Rules 46 and 47 of the Utah Rules of Evidence. Rule 47 states in part that evidence of an accused's character "if offered by the prosecution to prove his guilt, may be admitted only after the accused has introduced evidence of his good character." By offering witnesses as to his reputation as a truthful person, defendant opened the door for the prosecution to impeach his character witnesses. In doing so, the prosecution may attempt to discredit their testimony by showing that they have not heard specific reports that are relevant to the defendant's reputation. Since the issue on cross-examination is limited to the witnesses' knowledge of defendant's reputation, the prosecution cannot present evidence of the truth or falsity of specific beliefs or reports pertaining to that reputation. *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); 1 P. Herrick, *Underhill's Criminal Evidence* § 197 (6th ed. 1973). Defendant's protections from improper innuendo by the prosecution are (1) the requirement that the court be satisfied that the impeachment attempt is made in good faith and (2) the trial court's discretion in limiting the scope of the questioning.

In this case, it would not be permissible for an impeachment effort to show that defendant had had problems in his employment with Murray City, *State v. Goodliffe*, Utah, 578 P.2d 1288 (1978), but the prosecution could show that the character witness had not heard of defendant's problems with Murray City. "Since the whole inquiry, as we have pointed out, is calculated to ascertain the general talk of people about defendant, rather than the witness' own knowledge of him, the form of inquiry 'Have you heard?' has general approval, and 'Do you know?' is not allowed." *Michelson v. United States*, 335 U.S. at 482, 69 S.Ct. at 221. *Accord, Segal v. United States*, 246 F.2d 814, 820 (8th Cir. 1957); *Houston v. State*, 50 Ala.App. 536, 280 So.2d 797, *cert. den.* 291 Ala. 784, 280 So.2d 801 (1973); *People v. Wrigley*, 69 Cal.2d 149, 70 Cal. Rptr. 116, 127, 443 P.2d 580, 591 (1968). In this case, the question was phrased, "Are you familiar with or do you know . . . ?" and was therefore improper on its face. However, in view of the trial court's determination that the impeachment effort was made in good faith, the careful limiting of the questioning by the trial court, the witness's negative response, and the absence of any statements regarding the facts of defendant's problems with Murray City, we find that any error in this questioning was not prejudicial. U.C.A., 1953, § 77–35–30; *People v. Bost*, 80 Ill.App.3d 933, 950–51, 36 Ill.Dec. 314, 331–32, 400 N.E.2d 734, 747–48 (1980); *Lovilotte v. State*, Tex.Cr.App., 550 S.W.2d 75 (1977).

■ Defendant's third argument is that there was no substantial evidence to support a conviction for theft. In reviewing a

---

1. The sequence of questions was as follows:

Q Are you familiar with any problems that may have been between the defendant and Murray City?

A Between?

Q Between the defendant and Murray City?

MR. HANSEN: Wait a minute, Your Honor. This is going beyond the scope of cross and beyond the field of reputation.

MR. GUNNERSON: May I approach the bench on this?

THE COURT: Yes.

MR. HANSEN: Unless there is appropriate foundation.

(Discussion at the bench was not recorded.)

THE COURT: All right. You may repeat your question with the instructions and structures the court indicated during our conference at the side bar.

MR. GUNNERSON: Thank you, Your Honor.

Q Are you familiar with or do you know of any problem—please answer this yes or no—that the defendant may have had with Murray City?

MR. HANSEN: As it goes to his being a truthful person. That is the only incident of the examination.

THE COURT: I think that is your intent.

MR. GUNNERSON: I accept that.

Q As it goes to his truthfulness?

A No. I don't know specifically what you might be referring to. Mr. Watts?

Q Now, please. I just want you to answer yes or no, if you would, please, on that.

THE COURT: You should not assume, sir, that Mr. Gunnerson is referring to anything. He simply wants a response to his question.

THE WITNESS: No, sir, I don't.

**162**

claim of insufficient evidence to support a jury verdict, it is well established that:

It is the exclusive function of the jury to weigh the evidence and to determine the credibility of the witnesses, and it is not within the prerogative of this Court to substitute its judgment for that of the fact-finder. This Court should only interfere when the evidence is so lacking and insubstantial that reasonable men could not possibly have reached a verdict beyond a reasonable doubt. [Citations omitted.]

*State v. Lamm,* Utah, 606 P.2d 229, 231 (1980). *State v. Logan,* Utah, 563 P.2d 811 (1977); *State v. Romero,* Utah, 554 P.2d 216 (1976). Moreover, "[t]he evidence is to be reviewed in the light most favorable to the jury's verdict." *State v. Gorlick,* Utah, 605 P.2d 761, 762 (1979).

Theft is defined in U.C.A., 1953, § 76–6–404: "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof." In this case, defendant's purchase of the imitation, which was then dropped on the counter in place of the real one, his possession of the real diamond while attempting the switch, and the diamond's position on the floor throughout the time when the store manager was seeking it provide sufficient evidence for a jury to believe that defendant exercised unauthorized control of the diamond with a purpose to deprive the owner thereof. This Court has held that an item need not be taken from a retailer's premises to constitute the crime of theft, but that a defendant's acts of exercising unauthorized control over an item within a retail establishment was sufficient. *State v. Eagle,* Utah, 611 P.2d 1211, 1213 (1980); *State v. Bender,* Utah, 581 P.2d 1019 (1978). The jury was properly instructed on the elements of the offense, and on the lesser included offense of attempted theft. We find the evidence sufficient to sustain their verdict finding defendant guilty of theft.

Affirmed.

HALL, C. J., STEWART and HOWE, JJ., and GOULD, District Judge.